UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORWIN, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>Y-mAbs THERAPEUTICS, INC., THOMAS GAD, CLAUS JUAN MOLLER SAN PEDRO, and VIGNESH RAJAH,<br><br>      Defendants. | Case No.: 1:23-cv-00431-JMF<br><br>Hon. Jesse M. Furman |

**MEMORANDUM OF LAW IN SUPPORT OF JASON MORGAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | FACTUAL BACKGROUND | 2 |
| II. | PROCEDURAL HISTORY | 4 |
| III. | ARGUMENT | 4 |
| | A. Appointing Movant as Lead Plaintiff Is Appropriate | 4 |
| |    1. Movant Filed a Timely Motion. | 5 |
| |    2. Movant Has the Largest Financial Interest in the Relief Sought. | 6 |
| |    3. Movant Satisfies the Relevant Requirements of Rule 23. | 7 |
| |       a. Movant's Claims Are Typical. | 7 |
| |       b. Movant Is An Adequate Representative. | 8 |
| | B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. | 9 |
| IV. | CONCLUSION | 10 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................... 5, 7

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................................... 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................ 8

*In re Coinbase Global Securities Litigation*,
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) .............................................. 9

*Daniels Family 2001 v. Las Vegas Sands Corp.*,
  Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .... 10

*Deinnocentis v. Dropbox, Inc.*,
  Case No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) .......... 10

*Ford v. VOXX Int'l Corp.*,
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ............... 7

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................ 7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) .................. 7

*Malriat v. Quantumscape Corp.*,
  Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist.
  LEXIS 76914 (N.D. Cal. April 20, 2021) ............................................................................. 10

*Peifa Xu v. FibroGen, Inc.*,
  No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034 (N.D. Cal. Aug. 30, 2021) .............. 6

*Snyder v. Baozun Inc.*,
  Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967
  (S.D.N.Y. Sept. 8, 2020) ....................................................................................................... 10

*Subramanian v. Watford, et. al.*,
  Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823 (D. Colo. April
  29, 2021) ................................................................................................................................. 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) .................. 8

*White Pine Invs. v. CVR Ref.,*
   Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ............ 10

*White v. Nano-X Imaging LTD, et al.*,
   Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS
   143105 (E.D.N.Y. Aug. 10, 2022) ........................................................................................ 9

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................ *passim*

**Rules**

FED. R. CIV. P. 23 ................................................................................................................. *passim*

Jason Morgan ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons and entities that purchased or otherwise acquired Y-mAbs Therapeutics, Inc. ("Y-mAbs" or the "Company") common stock between October 6, 2020 through October 28, 2022, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Y-mAbs, Thomas Gad ("Gad"), Claus Juan Moller San Pedro ("San Pedro"), and Vignesh Rajah ("Rajah"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute the Action.

I.  **FACTUAL BACKGROUND**[1]

Defendant Y-mAbs is a Delaware corporation, with its principal executive offices located at 230 Park Avenue, Suite 3350, New York, New York 10169. Y-mAbs stock trades on the NASDAQ Stock Exchange Global Market ("NASDAQ") under the symbol "YMAB". ¶ 8. Y-mAbs is a clinical-stage biopharmaceutical company focused on developing antibody therapeutics and medicines for the treatment of cancer patients of all ages. ¶ 9. Y-mAbs's development processes are subject to U.S. Food and Drug Administration ("FDA") oversight and approval. *Id.*

According to Y-mAbs's public statements, "Omburtamab, our lead product candidate, is a murine monoclonal antibody that targets B7-H3, an immune checkpoint molecule that is widely expressed in tumor cells of several cancer types. 131 I-omburtamab, which is omburtamab radiolabeled with Iodine-131, is currently being studied in several clinical trials including pivotal stage development Study 101 and Study 03-133 for the treatment of pediatric patients who have CNS/LM from NB." 2021 Form 10-K at 7. ¶ 21. Study 03-133 included pediatric patients with neuroblastoma (NB) that relapsed in the central nervous system (CNS) or leptomeninges (CNS/LM). ¶ 22.

Y-mAbs sought FDA approval of omburtamab through a Biologics License Application first in 2020 and again in 2022, based on a comparison between Study 03-133 performed at Memorial Sloan Kettering Cancer Center ("MSKCC") and an external cohort comprising data

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Corwin* Complaint") filed in the action styled *Corwin v. Y-Mabs Therapeutics, Inc., et. al.*, Case No. 1:23-cv-00431-JMF (the "*Corwin* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Corwin* Complaint. The facts set forth in the *Corwin* Complaint are incorporated herein by reference.

from the Central German Childhood Cancer Registry, or CGCCR, database. ¶ 26.

According to the 2021 Form 10-K "Data from 85 patients sourced from The Central German Childhood Cancer Registry, or CGCCR, showed a median OS of 4.7 months." 2021 Form 10-K at 28. ¶ 35. Y-mAbs has represented in Form 10-K filings with the SEC that "An analysis of 107 patients with pediatric CNS/LM from NB who were treated with 131 I-Omburtamab in Study 03-133 demonstrated a median overall survival, or OS, of 50.8 months, as compared to historical median OS of approximately six to nine months." 2021 Form 10-K at 7. ¶ 36. Y-mAbs sought to utilize "interim efficacy, safety and pharmacokinetic data from Study 101 [to] support the BLA resubmission." 2021 Form 10-K at 81. ¶ 39.

The FDA declined marketing approval of omburtamab in a Refusal to File (RTF) letter dated October 2, 2020, informing Y-mAbs that additional data, including evidence of durable response were necessary to provide the level of evidence needed to support an approval. ¶ 42. Y-mAbs disclosed the existence of the RTF letter in a press release dated October 5, 2020 and in an investor conference call the morning of October 6, 2020, but misrepresented the FDA's willingness to approve omburtamab for marketing based on the existing clinical trials. ¶ 43.

In fact, throughout the Class Period, beginning on October 6, 2020, Y-mAbs misrepresented to investors that, pursuant to a series of meetings and other communications between Y-mAbs and the FDA, that progress was being made that would align with the FDA's requirement to demonstrate substantial evidence of effectiveness, sufficient for approval of omburtamab, through adequate and well-controlled studies. ¶ 44.

Specifically, the FDA had repeatedly advised the Defendants that the FDA was unlikely to grant approval for the marketing of omburtamab based on a comparison between Study 03-133 and CGCCR because of substantial differences in the patient populations, and the absence of tumor

response data, and that Study 101 was neither sufficiently advanced nor indicative of efficacy to justify approval. ¶ 45.

The true facts were first disclosed to investors shortly after the opening of trading on October 26, 2022 when the FDA published its Briefing Document for an October 28, 2022 Advisory Committee ("AdCom") Meeting, and again, on October 28, 2022 when the AdComvote 16-0 against recommending approval of omburtamab. ¶ 47. The disclosure of the true facts caused Y-mAbs common shares to plummet $11.56 a share from the closing price on October 25, 2022 of $15.17 a share to close on October 31, 2022 at $3.61 a share. ¶ 48.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Corwin* Action against the Defendants. Plaintiff Robert Corwin ("Corwin") commenced the first-filed action on January 18, 2023. On that same day, counsel acting on Corwin's behalf published a notice on *Newsfile Corp.* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.   ARGUMENT

### A.   Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $8,654.70 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On January 18, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Corwin published the Press Release on *Newsfile Corp.*—a widely circulated national business-oriented

wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Y-mAbs common stock that they had 60 days from the publication of the January 18, 2023 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Peifa Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034, at *11-12 (N.D. Cal. Aug. 30, 2021) (finding that a notice published on *Newsfile* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the January 18, 2023 Press Release and submitted herewith a sworn certification attaching his transactions in Y-mAbs common stock and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Y-mAbs common stock at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $8,654.70. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies

the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

#### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Y-mAbs' business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Y-mAbs common stock during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.     Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 12 years. He resides in Forked River, New Jersey, and has taken several college courses and holds professional licenses related to the home inspection business. Movant is currently self-employed as the owner and president of Morgan Home Inspections and has been in business since 2008. Movant is also employed part-time as a solar consultant for Steve Whitman

Roofing and Solar. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS 143105, at *15 (E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10-11 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO;

3:21-cv-00150-WHO, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974, at *7 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *9 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967, at *10-11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

**IV.   CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: March 20, 2023                                  Respectfully Submitted,

                                                  **LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jason Morgan and*
*[Proposed] Lead Counsel for the Class*