UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE Y-mAbs THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No.: 1:23-cv-00431-AS CLASS ACTION |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Y-mAbs Therapeutics, Inc. ("Y-mAbs" or the "Company"), Thomas Gad, and Claus Juan Møller San Pedro, by and through their undersigned counsel, hereby submit their answer to the Amended Complaint, ECF No. 38, and respond as follows. All allegations—including those contained in headings, subheadings, unnumbered paragraphs, and footnotes—not expressly admitted herein are denied. In addition, Defendants have no obligation to respond to and expressly deny any and all allegations relating to claims the Court dismissed in its Memorandum Opinion and Order entered on February 5, 2024, ECF No. 47 ("MTD Order").

1. Defendants deny the allegations in Paragraph 1, except state that Paragraph 1 characterizes Plaintiff's current and former claims, to which no response is required.

2. Defendants deny the allegations in Paragraph 2, except state that Paragraph 2 characterizes Plaintiff's current and former claims, to which no response is required.

3. Defendants deny the allegations in Paragraph 3, except state that Paragraph 3 characterizes Plaintiff's current and former claims, to which no response is required.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5, except state that, during the Class Period, $^{131}$I-Omburtamab ("omburtamab") was one of Y-mAbs's drug product candidates.

Defendants further state that omburtamab is directed to treating pediatric patients with a relapse of neuroblastoma in their central nervous systems ("CNS") or leptomeninges ("LM").

6.    Defendants deny the allegations in Paragraph 6, except state that Y-mAbs requested FDA approval to distribute omburtamab through a Biologics License Application ("BLA"), which was in part supported by Study 03-133.

7.    Defendants deny the allegations in Paragraph 7, except state that Paragraph 7 characterizes (i) a press release issued on October 5, 2020, and (ii) the transcript from an October 6, 2020 conference call, to which Defendants respectfully refer the Court for their contents. Defendants further state that no response to the third and fourth sentences of Paragraph 7 is required because the Court dismissed all related claims.

8.    Defendants deny the allegations in Paragraph 8, except state that Paragraph 8 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 Oncologic Drugs Advisory Committee ("ODAC") Meeting, to which Defendants respectfully refer the Court for its contents.

9.    Defendants deny the allegations in Paragraph 9, except state that Paragraph 9 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

10.    Defendants deny the allegations in Paragraph 10, except state that Paragraph 10 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

11.    Defendants deny the allegations in Paragraph 11, except state that Paragraph 11 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

12. Defendants deny the allegations in Paragraph 12, except state that Paragraph 12 purports to characterize and quote from (i) a transcript of a November 6, 2020 Earnings Call, (ii) a press release issued on June 3, 2021, (iii) a transcript of a November 5, 2021 Earnings Call, (iv) a transcript of a February 25, 2022 Earnings Call, and (v) a transcript of a February 26, 2021 Earnings Call, to which Defendants respectfully refer the Court for their contents.

13. Defendants deny the allegations in Paragraph 13, except state that Paragraph 13 purports to characterize and quote from (i) a transcript of a February 26, 2021 Earnings Call, (ii) a Research and Development Day presentation dated December 15, 2021, (iii) a transcript of the February 25, 2022 Earnings Call, (iv) a press release dated April 1, 2022, and (v) the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for their contents.

14. Defendants deny the allegations in Paragraph 14, except state that Paragraph 14 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

15. Defendants deny the allegations in Paragraph 15, except state that Paragraph 15 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

16. Defendants deny the allegations in Paragraph 16, except state that Paragraph 16 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

17. Defendants deny the allegations in Paragraph 17, except state that Paragraph 17 characterizes a press release dated October 28, 2022, to which Defendants respectfully refer the Court for its contents.

18.     Defendants deny the allegations in Paragraph 18, except state that information regarding the price of Y-mAbs common stock is a matter of public record and speaks for itself.

19.     Defendants deny the allegations in Paragraph 19, except state that Paragraph 19 characterizes Plaintiff's current and former claims, to which no response is required.

20.     Defendants do not contest that this Court has jurisdiction.

21.     Defendants deny the allegations in Paragraph 21, except state that (i) venue for this action is proper in this District, (ii) Y-mAbs's common stock trades on the NASDAQ, and (iii) Y-mAbs maintains offices in New York City.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23, except state that (i) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny the allegations on that basis, (ii) Miramontes filed a certification purporting to evidence his transactions in Y-mAbs securities, and (iii) to the extent Paragraph 23 states a legal conclusion, no response is required.

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants admit the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26, except state that Thomas Gad is the founder of Y-mAbs, that Gad founded Y-mAbs in 2015, that Gad is on the Board of Directors of Y-mAbs, that Gad was the interim CEO of Y-mAbs from April 27, 2022 to October 18, 2023, and the President and Head of Business Development and Strategy at Y-mAbs from 2015 to October 18, 2023. Defendants state that to the extent Paragraph 26 characterizes the October 28, 2022 ODAC Meeting, Defendants respectfully refer the Court to the transcript for its contents.

27.    Defendants deny the allegations in Paragraph 27, except state that Claus Juan Møller San Pedro was CEO of Y-mAbs from June 2015 until April 2022.

28.    Defendants state that no response is required to the allegations in Paragraph 28 because the Court dismissed all claims related to Vignesh Rajah.

29.    Defendants deny the allegations in Paragraph 29, except state that (i) the Court dismissed all claims related to Vignesh Rajah, and (ii) Plaintiff purports to refer to Gad and Møller as the "Individual Defendants."

30.    Defendants deny the allegations in Paragraph 30, except state that Paragraph 30 states a legal conclusion to which no response is required.

31.    Defendants admit the allegations in Paragraph 31.

32.    Defendants deny the allegations in Paragraph 32, except state that Paragraph 32 purports to characterize and quote from Y-mAbs' 2020 Form 10-K, to which Defendants respectfully refer the Court for its contents.

33.    Defendants admit the allegations in Paragraph 33.

34.    Defendants admit that neuroblastoma is a rare childhood cancer, but deny the allegations in Paragraph 34, except state Paragraph 34 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

35.    Defendants deny the allegations in Paragraph 35, except state that Paragraph 35 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

36.     Defendants deny the allegations in Paragraph 36, except state that Paragraph 36 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

37.     Defendants deny the allegations in Paragraph 37, except state that Memorial Sloan Kettering Center initiated development of omburtamab. Defendants further state that Paragraph 37 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

38.     Defendants deny the allegations in Paragraph 38, except state that Paragraph 38 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

39.     Defendants deny the allegations in Paragraph 39, except state that Paragraph 39 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

40.     Defendants deny the allegations in Paragraph 40, except state that Paragraph 40 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

41.     Defendants deny the allegations in Paragraph 41, except state that Paragraph 41 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

42.     Defendants deny the allegations in Paragraph 42, except state that Paragraph 42 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

43.     Defendants deny the allegations in Paragraph 43, except state that Paragraph 43 purports to characterize and quote a federal regulation, 21 CFR 314.126, to which Defendants respectfully refer the Court for its contents.

44.     Defendants deny the allegations in Paragraph 44, except state that Paragraph 44 purports to characterize and quote *Demonstrating Substantial Evidence of Effectiveness for Human Drug and Biological Products* (2019), Section 505(d) of the Food and Drug Act, and 21 U.S.C. § 355(d), to which Defendants respectfully refer the Court for their contents.

45.     Defendants deny the allegations in Paragraph 45, except state that Paragraph 45 purports to characterize and quote 21 CFR 314.126, to which Defendants respectfully refer the Court for its contents.

46.     Defendants deny the allegations in Paragraph 46, except state that Paragraph 46 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

47.     Defendants deny the allegations in Paragraph 47, except state that in a randomized trial patients are typically assigned to different treatment groups.

48.     Defendants deny the allegations in Paragraph 48, except state that in a single-arm trial, all patients receive the investigational drug, and the data collected in a single-arm study is evaluated against an external control. Defendants further state that Paragraph 48 characterizes portions of *Demonstrating Substantial Evidence of Effectiveness for Human Drug and Biological Products* (2019) and *Rare Diseases: Common Issues in Drug Development* (2019), to which Defendants respectfully refer the Court for their contents.

49. Defendants deny the allegations in Paragraph 49, except state that Paragraph 49 purports to characterize and quote from *Clinical Trial Endpoints for the Approval of Cancer Drugs and Biologics (December 2018)*, to which Defendants respectfully refer the Court for its contents.

50. Defendants deny the allegations in Paragraph 50, except state that Paragraph 50 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

51. Defendants deny the allegations in Paragraph 51, except state that Paragraph 51 purports to characterize and quote from a federal regulation to which Defendants respectfully refer the Court for its contents.

52. Defendants deny the allegations in Paragraph 52, except state that Paragraph 52 purports to characterize and quote from FDA draft guidance for industry, *Demonstrating Substantial Evidence of Effectiveness for Human Drug and Biological Products*, (2019) and *Rare Diseases: Common Issues in Drug Development* (2019), to which Defendants respectfully refer the Court for their contents.

53. Defendants deny the allegations in Paragraph 53, except state that Paragraph 53 purports to characterize and quote from 21 CFR 312, subpart E (21 CFR 312.8), to which Defendants respectfully refer the Court for its contents.

54. Defendants deny the allegations in Paragraph 54, except state that it sought FDA approval to distribute omburtamab through a BLA.

55. Defendants deny the allegations in Paragraph 55, except state that Paragraph 55 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

56.    Defendants deny the allegations in Paragraph 56, except state that Paragraph 56 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

57.    Defendants deny the allegations in Paragraph 57, except state that Paragraph 57 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

58.    Defendants deny the allegations in Paragraph 58, except state that Paragraph 58 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

59.    Defendants deny the allegations in Paragraph 59, except state that Paragraph 59 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

60.    Defendants deny the allegations in Paragraph 60, except state that Paragraph 60 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants refer the Court for its contents.

61.    Defendants deny the allegations in Paragraph 61, except state that Paragraph 61 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

62.    Defendants deny the allegations in Paragraph 62, except state that Paragraph 62 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

63.    Defendants deny the allegations in Paragraph 63, except state that Paragraph 63 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

64.    Defendants deny the allegations in Paragraph 64, except state that Paragraph 64 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

65.    Defendants deny the allegations in Paragraph 65, except state that Paragraph 65 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

66.    Defendants deny the allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67, except state that Paragraph 67 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

68.    Defendants deny the allegations in Paragraph 68, except state that Paragraph 68 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

69.    Defendants deny the allegations in Paragraph 69, except state that Paragraph 69 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants refer the Court for its contents.

70.    Defendants deny the allegations in Paragraph 70, except state that Paragraph 70 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants refer the Court for its contents.

71.    Defendants deny the allegations in Paragraph 71, except state that Paragraph 71 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants refer the Court for its contents.

72.    Defendants deny the allegations in Paragraph 72, except state that Paragraph 72 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants refer the Court for its contents.

73.    Defendants deny the allegations in Paragraph 73 and footnote 3, except state that Paragraph 73 and footnote 3 purport to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75, except state that Paragraph 75 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

76.    Defendants admit that Y-mAbs met with members of the FDA on more than one occasion prior to its initial BLA submission in August 2020.

77.    Defendants deny the allegations in Paragraph 77, except state that Paragraph 77 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

78.    Defendants deny the allegations in Paragraph 78, except state that Paragraph 78 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

79.    Defendants deny the allegations in Paragraph 79, except state that Paragraph 79 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

80.    Defendants deny the allegations in Paragraph 80, except state that Paragraph 80 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

81.    Defendants deny the allegations in Paragraph 81, except state that Paragraph 81 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

82.    Defendants admit the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83, except state that the FDA issued an Advice Letter on December 19, 2017, to which Defendants respectfully refer the Court for its contents. Defendants further state that Paragraph 83 purports to characterize and quote from FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

84.    Defendants deny the allegations in Paragraph 84, except state that Paragraph 84 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

85.    Defendants deny the allegations in Paragraph 85, except state that Paragraph 85 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

86.     Defendants deny the allegations in Paragraph 86, except state that Paragraph 86 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

87.     Defendants deny the allegations in Paragraph 87, except state that Paragraph 87 characterizes portions of the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

88.     Defendants deny the allegations in Paragraph 88, except state that Paragraph 88 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

89.     Defendants admit the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90, except state that the FDA issued a Refusal to File Letter on October 2, 2020, to which Defendants respectfully refer the Court for its contents.

91.     Defendants deny the allegations in Paragraph 91, except state that Paragraph 91 purports to characterize an October 5, 2020 press release, to which Defendants respectfully refer the Court for its contents.

92.     Defendants deny the allegations in Paragraph 92, except state that Paragraph 92 selectively quotes from an October 5, 2020 press release, to which Defendants respectfully refer the Court for its contents.

93.     Defendants state that no response is required to Paragraph 93 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 93, except state that Paragraph 93 selectively quotes from an October 5, 2020 press release, to which Defendants respectfully refer the Court for its contents.

94.     Defendants state that no response is required to Paragraph 94 and footnote 5 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 94, except state that Paragraph 94 purports to characterize and quote from an October 5, 2020 press release, to which Defendants respectfully refer the Court for its contents. Defendants further state that footnote 5 purports to quote from and characterize an FDA guidance document called "Industry Meeting Type," to which Defendants respectfully refer the Court for its contents.

95.     Defendants state that no response is required to the portion of Paragraph 95 that includes the statements "We remain confident that we can address all points raised by the FDA," and "We plan to request a Type A meeting with the FDA within the next few weeks and plan to work in close dialogue with the agency in order to amend the BLA, with the goal of resubmitting the BLA before the end of 2020" because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 95, except state that Paragraph 95 purports to characterize and quote from a press release Y-mAbs issued on October 5, 2020, to which Defendants respectfully refer the Court for its contents.

96.     Defendants state that no response is required to Paragraph 96 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 96, except state that Paragraph 96 purports to characterize and quote the transcript of an October 6, 2020 conference call, to which Defendants respectfully refer the Court for its contents.

97.     Defendants state that no response is required to Paragraph 97 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 97, except state that Paragraph 97 purports to characterize and quote the transcript of

14

Y-mAbs's October 6, 2020 conference call, to which Defendants respectfully refer the Court for its contents.

98.     Defendants state that no response is required to Paragraph 98 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 98, except state that Paragraph 98 purports to characterize and quote the transcript of an October 6, 2020 conference call, to which Defendants respectfully refer the Court for its contents.

99.     Defendants state that no response is required to Paragraph 99 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 99, except state that Paragraph 99 purports to characterize and quote the transcript of an October 6, 2020 conference call, to which Defendants respectfully refer the Court for its contents.

100.    Defendants deny the allegations in Paragraph 100, except state that Paragraph 100 purports to characterize the transcript of an October 6, 2020 conference call, to which Defendants respectfully refer the Court to the transcript for its contents.

101.    Defendants state that no response is required to Paragraph 101 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 101, except state that Paragraph 101 purports to characterize the transcript of an October 6, 2020 conference call, , to which Defendants respectfully refer the Court to the transcript for its contents.

102.    Defendants deny the allegations in Paragraph 102 except state that Y-mAbs filed a Form 8-K with the SEC on October 6, 2020, to which Defendants respectfully refer the Court for its contents.

103.     Defendants state that no response is required to Paragraph 103 because the Court dismissed all related claims. To the extent a response is required Defendants deny the allegations in Paragraph 103, except state that Paragraph 103 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

104.     Defendants deny the allegations in Paragraph 104, except state that Paragraph 104 characterizes Y-mAbs's October 6, 2020 conference call, the transcript of which Defendants respectfully refer the Court for its contents, and state that Paragraph 104 purports to characterize and quote an October 6, 2020 report from Boris Peaker of Cowen, to which Defendants respectfully refer the Court for its contents.

105.     Defendants deny the allegations in Paragraph 105, except state that Paragraph 105 purports to characterize and quote a report issued by Guggenheim, to which Defendants respectfully refer the Court for its contents.

106.     Defendants deny the allegations in Paragraph 106, except state that Paragraph 106 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

107.     Defendants state that no response is required to the first sentence of Paragraph 107 and the portion of the second sentence of Paragraph 107 through "Y-mAbs is confident that it can address all points raised by the FDA," as the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in these portions of Paragraph 107. Defendants deny the remaining allegations in Paragraph 107, except state that Paragraph 107 purports to characterize and quote the transcript of a November 6, 2020 earnings call, to which Defendants respectfully refer the Court for its contents.

16

108.    Defendants deny the allegations in Paragraph 108, except state that Paragraph 108 purports to characterize and quote from the transcript of a November 6, 2020 earnings call and the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for their contents.

109.    Defendants state that no response is required to Paragraph 109 because the Court dismissed all related claims. To the extent a response is required to Paragraph 109, Defendants deny the allegations, except state that Paragraph 109 purports to characterize and quote the transcript of an earnings call on November 6, 2020, to which Defendants respectfully refer the Court for its contents.

110.    Defendants deny the allegations in Paragraph 110, except state that Paragraph 110 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

111.    Defendants deny the allegations in Paragraph 111, except state that Paragraph 111 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

112.    Defendants deny the allegations in Paragraph 112, except state that Paragraph 112 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

113.    Defendants deny the allegations in Paragraph 113, except state that Y-mAbs filed a Prospectus with the SEC on February 17, 2021 and state that Paragraph 113 purports to characterize and quote that document, to which Defendants respectfully refer the Court for its contents.

114.    Defendants state that no response is required to Paragraph 114 because the Court dismissed all related claims. To the extent a response is required to Paragraph 114, Defendants state that Paragraph 114 purports to characterize the transcript of a February 26, 2021 earnings call, to which Defendants respectfully refer the Court for its contents. Defendants further state that footnote 6 purports to characterize and quote from a federal regulation to which Defendants respectfully refer the Court for its contents.

115.    Defendants state that no response is required to Paragraph 115 because the Court dismissed all related claims. To the extent a response is required to Paragraph 115, Defendants state that Paragraph 115 purports to characterize the transcript of a February 26, 2021 earnings call, to which Defendants respectfully refer the Court for its contents.

116.    Defendants state that no response is required to Paragraph 116 because the Court dismissed all related claims. To the extent a response is required to Paragraph 116, Defendants deny the allegations, except state that Paragraph 116 purports to characterize and quote the FDA Briefing Document from the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

117.    Defendants deny the allegations in Paragraph 117 except state that Paragraph 117 purports to characterize and quote the transcript of a February 26, 2021 earnings call, to which Defendants respectfully refer the Court for its contents.

118.    Defendants deny the allegations in Paragraph 118, except state that Paragraph 118 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

119.    Defendants deny the allegations in Paragraph 119, except state that Paragraph 119 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

120.    Defendants state that no response is required to Paragraph 120 because the Court dismissed all related claims. To the extent a response is required to Paragraph 120, Defendants state that Paragraph 120 purports to characterize and quote the transcript of a May 7, 2021 earnings call, to which Defendants respectfully refer the Court for its contents.

121.    Defendants deny the allegations in Paragraph 121, except state that Paragraph 121 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

122.    Defendants deny the allegations in Paragraph 122, state that Paragraph 122 purports to characterize and quote Y-mAbs's June 23, 2021 press release, to which Defendants respectfully refer the Court for its contents.

123.    Defendants deny the allegations in Paragraph 123, except state that Paragraph 123 purports to characterize and quote the FDA Briefing Document from the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

124.    Defendants deny the allegations in Paragraph 124, except state that Paragraph 124 purports to characterize and quote a J.P. Morgan report dated June 23, 2021, to which Defendants respectfully refer the Court for its contents.

125.    Defendants deny the allegations in Paragraph 125, except state that Paragraph 125 purports to characterize and quote a June 23, 2021 Wedbush rating, to which Defendants respectfully refer the Court for its contents.

126.     Defendants deny the allegations in Paragraph 126, except state that Paragraph 126 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

127.     Defendants state that no response is required to Paragraph 127 because the Court dismissed all related claims. To the extent a response is required, Defendants state that Paragraph 127 purports to characterize and quote a transcript of the November 5, 2021 earnings call, to which Defendants respectfully refer the Court for its contents.

128.     Defendants deny the allegations in Paragraph 128, except state that Paragraph 128 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

129.     Defendants deny the allegations in Paragraph 129, except state that Paragraph 129 purports to characterize and quote a transcript of the December 15, 2021 Research and Development Day meeting, to which Defendants respectfully refer the Court for its contents.

130.     Defendants deny the allegations in Paragraph 130, except state that Paragraph 130 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

131.     Defendants deny the allegations in Paragraph 131 except state that Paragraph 131 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

132.     Defendants deny the allegations in Paragraph 132, except state that Paragraph 132 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

133. Defendants deny the allegations in Paragraph 133, except state that Paragraph 133 purports to characterize and quote from a press release dated February 11, 2022, to which Defendants respectfully refer the Court for its contents. Defendants further state that no response is required to the third sentence of Paragraph 133 because the Court dismissed all related claims.

134. Defendants deny the allegations in Paragraph 134, except state that Paragraph 134 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

135. Defendants deny the allegations in Paragraph 135, except state that Paragraph 135 purports to characterize and quote a Bank of America research report issued on February 11, 2022, to which Defendants respectfully refer the Court for its contents.

136. Defendants deny the allegations in Paragraph 136, except state that Paragraph 136 purports to characterize and quote a Cowen report issued on February 11, 2022, to which Defendants respectfully refer the Court for its contents.

137. Defendants deny the allegations in Paragraph 137, except state that Paragraph 137 purports to characterize and quote a transcript of the February 25, 2022 earnings call, to which Defendants respectfully refer the Court for its contents.

138. Defendants deny the allegations in Paragraph 138, except state that Paragraph 138 purports to characterize and quote a transcript of the February 25, 2022 earnings call, to which Defendants respectfully refer the Court for its contents.

139. Defendants deny the allegations in Paragraph 139, except state that Paragraph 139 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

140.     Defendants deny the allegations in Paragraph 140, except state that Paragraph 140 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC meeting, to which Defendants respectfully refer the Court for its contents.

141.     Defendants deny the allegations in Paragraph 141, except state that Paragraph 141 purports to characterize and quote the FDA Briefing Document for the October 28, 2022 ODAC meeting, to which Defendants respectfully refer the Court for its contents.

142.     Defendants state that no response is required to the first sentence of Paragraph 142 through "get a green light" because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 142, except state that Y-mAbs resubmitted the BLA on March 31, 2022, and state that Paragraph 142 purports to characterize and quote (i) the transcript of a Research and Development Day meeting on December 15, 2021, (ii) a press release dated April 1, 2022, and (ii) the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

143.     Defendants state that no response is required to Paragraph 143 because the Court dismissed all related claims. To the extent a response is required to Paragraph 143, Defendants deny the allegations in Paragraph 143, except state that Paragraph 143 purports to characterize and quote a press release dated April 1, 2022, to which Defendants respectfully refer the Court for its contents.

144.     Defendants deny the allegations in Paragraph 144, except state that Paragraph 144 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

145. Defendants deny the allegations in Paragraph 145, except state that Paragraph 145 purports to characterize and quote a Cowen analyst report issued on April 1, 2022, to which Defendants respectfully refer the Court for its contents.

146. Defendants deny the allegations in Paragraph 146, except state that Paragraph 146 purports to characterize and quote a Guggenheim report issued April 1, 2022, to which Defendants respectfully refer the Court for its contents.

147. Defendants deny the allegations in Paragraph 147 except state that Paragraph 147 purports to characterize a press release dated April 27, 2022, to which Defendants respectfully refer the Court for its contents.

148. Defendants state that no response is required to Paragraph 148 because the Court dismissed all related claims. To the extent a response is required to Paragraph 148, Defendants deny the allegations in Paragraph 148, except state that Paragraph 148 purports to characterize and quote a transcript of the May 10, 2022 earnings call, to which Defendants respectfully refer the Court for its contents.

149. Defendants deny the allegations in Paragraph 149, except state that Paragraph 149 purports to characterize and quote a transcript of the May 10, 2022 earnings call, to which Defendants respectfully refer the Court for its contents.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants state that no response is required to Paragraph 151 because the Court dismissed all related claims. To the extent a response is required to Paragraph 151, Defendants deny the allegations in Paragraph 151, except state that Paragraph 151 purports to characterize and quote a transcript of the August 9, 2022 earnings call, to which Defendants respectfully refer the Court for its contents.

152.    Defendants state that no response is required to Paragraph 152 because the Court dismissed all related claims. To the extent a response is required to Paragraph 152, Defendants deny the allegations in Paragraph 152, except state that Paragraph 152 purports to characterize and quote a transcript of the August 9, 2022 earnings call, to which Defendants respectfully refer the Court for its contents.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants state that Paragraph 154 concerns matters of public record that speak for themselves.

155.    Defendants deny the allegations in Paragraph 155, except state that Paragraph 155 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

156.    Defendants deny the allegations in Paragraph 156, except state that Paragraph 156 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

157.    Defendants deny the allegations in Paragraph 157, except state that Paragraph 157 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

158.    Defendants deny the allegations in Paragraph 158, except state that Paragraph 158 purports to characterize and quote a Cowen analyst report issued October 26, 2022, to which Defendants respectfully refer the Court for its contents.

159.    Defendants deny the allegations in Paragraph 159, except state that Paragraph 159 purports to characterize and quote a Canaccord Genuity LLC analyst report, to which Defendants respectfully refer the Court for its contents.

160. Defendants deny the allegations in Paragraph 160, except state that Paragraph 160 purports to characterize and quote a J.P. Morgan analyst report, to which Defendants respectfully refer the Court for its contents.

161. Defendants deny the allegations in Paragraph 161, except state that Paragraph 161 purports to characterize and quote a BMO Capital Markets analyst report, to which Defendants respectfully refer the Court for its contents.

162. Defendants deny the allegations in Paragraph 162, except state that information regarding the price and volume of trading in Y-mAbs common stock is a matter of public record and speaks for itself.

163. Defendants deny the allegations in Paragraph 163, except state that information regarding the price and volume of trading in Y-mAbs common stock is a matter of public record and speaks for itself.

164. Defendants deny the allegations in Paragraph 164, except state that Paragraph 164 purports to characterize the Form 8-K that Y-mAbs filed on October 28, 2022, to which Defendants respectfully refer the Court for its contents.

165. Defendants deny the allegations in Paragraph 165, except state that Paragraph 165 purports to characterize and quote the transcript of the October 28, 2022 ODAC meeting, to which Defendants respectfully refer the Court for its contents.

166. Defendants deny the allegations in Paragraph 166, except state that information regarding the price and volume of trading in Y-mAbs common stock is a matter of public record and speaks for itself.

167. Defendants deny the allegations in Paragraph 167, except state that Paragraph 167 purports to characterize and quote from the FDA Briefing Document for the October 28, 2022 ODAC Meeting, to which Defendants respectfully refer the Court for its contents.

168. Defendants deny the allegations in Paragraph 168, except state that Paragraph 168 purports to characterize and quote the transcript of the October 28, 2022 ODAC meeting, to which Defendants respectfully refer the Court for its contents.

169. Defendants state that Paragraph 169 contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170. Defendants state that Paragraph 170 contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171, except state that information regarding the price and volume of offerings of Y-mAbs common stock is a matter of public record and speaks for itself.

172. Defendants deny the allegations in Paragraph 172, except state that information regarding Gad's stock sales are a matter of public record and speaks for itself.

173. Defendants deny the allegations in Paragraph 173, and state that (i) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and deny the allegations on that basis, (ii) Miramontes filed a certification purporting to evidence his transactions in Y-mAbs securities, and (iii) to the extent Paragraph 173 states a legal conclusion, no response is required.

174. Defendants deny the allegations in Paragraph 174, except (i) admit that Y-mAbs's common stock trades on the NASDAQ, and (ii) the remainder of Paragraph 174 constitutes legal conclusions and characterizations of Plaintiff's claims, to which no response is required.

175. Defendants deny the allegations in Paragraph 175, except state that (i) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and deny the allegations on that basis, except state that (ii) Miramontes filed a certification purporting to evidence his transactions in Y-mAbs securities, and (iii) to the extent Paragraph 175 states a legal conclusion, no response is required.

176. Defendants state that Paragraph 176 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177. Defendants state that Paragraph 177 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178. Defendants deny the allegations in Paragraph 178, except state that (i) Y-mAbs stock traded on the NASDAQ, (ii) Y-mAbs is a regulated issuer, (iii) Miramontes filed a certification purporting to evidence his transactions in Y-mAbs securities, and (iv) state that to the extent Paragraph 178 states a legal conclusion, no response is required.

179. Defendants deny the allegations in Paragraph 179, except state that to the extent Paragraph 179 states a legal conclusion, no response is required.

180. Defendants deny the allegations in Paragraph 180, except state that (i) Y-mAbs stock traded on the NASDAQ, (ii) Y-mAbs is a regulated issuer, (iii) Miramontes filed a

certification purporting to evidence his transactions in Y-mAbs securities, and (iv) state that to the extent Paragraph 180 states a legal conclusion, no response is required.

181.    Defendants state that Paragraph 181 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 181.

182.    Defendants state that Paragraph 182 contains Plaintiff's own arguments and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 182.

183.    Defendants repeat each response contained above as if fully set forth herein.

184.    Defendants deny the allegations in Paragraph 184, except state that Paragraph 184 purports to characterize Plaintiff's current and former claims, to which no response is required.

185.    Defendants deny the allegations in Paragraph 185, except state that to the extent Paragraph 185 contains Plaintiff's legal conclusions, no response is required.

186.    Defendants deny the allegations in Paragraph 186, except state that to the extent Paragraph 186 contains Plaintiff's legal conclusions, no response is required.

187.    Defendants deny the allegations in Paragraph 187, except state that to the extent Paragraph 187 contains Plaintiff's legal conclusions, no response is required.

188.    Defendants deny the allegations in Paragraph 188, except state that to the extent Paragraph 188 contains Plaintiff's legal conclusions, no response is required.

189.    Defendants deny the allegations in Paragraph 189, except state that to the extent Paragraph 189 contains Plaintiff's legal conclusions, no response is required.

190.    Defendants deny the allegations in Paragraph 190, except state that to the extent Paragraph 190 contains Plaintiff's legal conclusions, no response is required.

191.    Defendants deny the allegations in Paragraph 191, except state that to the extent Paragraph 191 contains Plaintiff's legal conclusions, no response is required.

192.    Defendants deny the allegations in Paragraph 192, except state that to the extent Paragraph 192 contains Plaintiff's legal conclusions, no response is required.

193.    Defendants incorporate each of the foregoing responses as if fully set forth herein.

194.    Defendants deny the allegations in Paragraph 194, except state that to the extent Paragraph 194 contains Plaintiff's legal conclusions, no response is required.

195.    Defendants deny the allegations in Paragraph 195, except state that to the extent Paragraph 195 contains Plaintiff's legal conclusions, no response is required.

196.    Defendants deny the allegations in Paragraph 196, except state that to the extent Paragraph 196 contains Plaintiff's legal conclusions, no response is required.

197.    Defendants deny the allegations in Paragraph 197, except state that to the extent Paragraph 197 contains Plaintiff's legal conclusions, no response is required.

198.    Defendants deny the allegations in Paragraph 198, except state that to the extent Paragraph 198 contains Plaintiff's legal conclusions, no response is required.

199.    Defendants deny the allegations in Paragraph 199, except state that to the extent Paragraph 199 contains Plaintiff's legal conclusions, no response is required.

200.    Defendants deny the allegations in Paragraph 200, except state that to the extent Paragraph 200 contains Plaintiff's legal conclusions, no response is required.

201.    Defendants deny the allegations in Paragraph 201, except state that to the extent Paragraph 201 contains Plaintiff's legal conclusions, no response is required.

Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief or judgment in connection with the allegations or claims in the Amended Complaint.

Defendants state that Plaintiff's demand for a trial by jury is a legal conclusion to which no response is required.

## DEFENSES

Defendants assert the following defenses without assuming the burden of proof, persuasion, or production where such burden does not otherwise rest on Defendants.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted and to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) & (2).

## SECOND DEFENSE

None of Defendants' statements were materially false or misleading.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class knew or should have known the allegedly omitted or misstated information, which was publicly available.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws.

30

**FIFTH DEFENSE**

Defendants did not intentionally, recklessly, or negligently mislead, make any misrepresentation, or fail to disclose any fact or circumstance that they were obligated to disclose in connection with omburtamab.

**SIXTH DEFENSE**

Defendants acted in good faith and without knowledge that any alleged statement or omission was materially false or misleading.

**SEVENTH DEFENSE**

None of the alleged statements, nor Defendants, proximately caused any member of the putative class economic harm, damage, or loss.

**EIGHTH DEFENSE**

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

**RESERVATION OF DEFENSES**

Future discovery may reveal additional facts that support additional defenses presently available, but unknown, to Defendants. Defendants thereby reserve the right to assert additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation as may be appropriate.

**CONCLUSION**

WHEREFORE, Defendants respectfully request entry of judgment granting the following relief:

(a)    dismissing the Amended Complaint with prejudice and granting judgment in favor of Defendants on all claims;

31

(b)    awarding Defendants the costs of defending this action, including attorneys' fees,

expert fees, costs and disbursements; and

(c)    granting such further relief as this Court may deem just and proper.

Dated: New York, New York          COOLEY LLP
       March 8, 2024

                                   /s/ Aric H. Wu
                                   Aric H. Wu
                                   Sarah M. Topol
                                   Anne E. Bigler
                                   55 Hudson Yards
                                   New York, NY 10001
                                   Tel: (212) 479-6000
                                   ahwu@cooley.com
                                   stopol@cooley.com
                                   abigler@cooley.com

                                   Koji Fukumura (*pro hac vice*)
                                   10265 Science Center Dr.
                                   San Diego, CA 92121-1117
                                   (858) 550-6000
                                   kfukumura@cooley.com

                                   *Attorneys for Defendants Y-mAbs Therapeutics, Inc.,*
                                   *Thomas Gad, and Claus Juan Møller San Pedro*

32