**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE Y-mAbs THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No.: 1:23-cv-00431-AS <br><br> <u>CLASS ACTION</u> |

## <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement, dated June 26, 2024 (the "Stipulation"), is entered into by and among: (a) Lead Plaintiff Omar Miramontes ("Miramontes" or "Lead Plaintiff"), individually and on behalf of all Settlement Class Members; and (b) Y-mAbs Therapeutics, Inc. ("Y-mAbs"), Thomas Gad ("Gad") and Claus Juan Møller San Pedro ("Møller") (together, "Defendants"). The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approvals of the Court as set forth herein.

## I.    <u>THE LITIGATION</u>

### A.    <u>Procedural History</u>

On January 18, 2023, Robert Corwin filed a securities class action complaint in this Court styled *Corwin v. Y-mAbs Therapeutics, Inc., et al.*, No. 1:23-cv-00431 (S.D.N.Y.) (Dkt. No. 1) against Y-mAbs, Gad, Møller and Vignesh Rajah ("Rajah"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) & 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5. By Order dated April 4, 2023, the Court appointed Miramontes as Lead Plaintiff, appointed Pomerantz LLP as Lead Counsel, and changed the caption to *In re Y-mAbs Therapeutics, Inc. Securities Litigation*, No. 1:23-cv-00431 (S.D.N.Y.) (Dkt. No. 34).

On May 23, 2023, Lead Plaintiff filed the Amended Class Action Complaint ("AC") (Dkt.

No. 38), alleging that the defendants made material misstatements and omissions between October 6, 2020 and October 28, 2022, both dates inclusive (the "Settlement Class Period").

On July 11, 2023, Defendants filed their motion to dismiss the AC (Dkt. No. 39). On August 29, 2023, Lead Plaintiff filed an opposition (Dkt. No. 44). On September 29, 2023, Defendants filed a reply (Dkt. No. 46).

On February 5, 2024, the Court entered an Order granting in part and denying in part Defendants' motion to dismiss the AC and dismissing Rajah from the Action (Dkt. No. 47). Defendants answered the AC on March 8, 2024 (Dkt. No. 37).

On May 20, 2024, counsel for Lead Plaintiff and Defendants participated in a full-day mediation before Michelle Yoshida of Phillips ADR Enterprises. In advance of that session, the Parties exchanged detailed, confidential opening mediation statements addressing liability and damages, and the Parties continued to serve reply and sur-reply mediation statements up until the morning of the mediation, all of which were provided to the mediator. No settlement was reached at the mediation. After further negotiations, Ms. Yoshida issued a mediator's recommendation that the Action settle for $19,650,000 in cash, which was accepted by each Party on May 31, 2024, and, after additional negotiations, the Parties executed a Memorandum of Understanding ("MOU") on June 5, 2024.

**B.    Lead Plaintiff's Assessment of the Claims and Benefits of Settlement**

Lead Plaintiff believes that the claims asserted in the Action are meritorious and are supported by the evidence developed to date as referenced in the AC. Additionally, Lead Counsel is familiar with the applicable law underlying the alleged claims and believes that any defenses Defendants may raise can be refuted and overcome at summary judgment and at trial.

Nonetheless, Lead Plaintiff and Lead Counsel also recognize the expense and length of any further prosecution of the Action through completion of discovery, trial, and appeals. Lead

Plaintiff and Lead Counsel are also mindful of inherent problems of proof of, and possible defenses to, the federal securities law violations asserted in the AC, including, but not limited to, proof of the Defendants' state of mind, causation and damages. Lead Plaintiff and Lead Counsel, based upon their thorough evaluation of the law and fact (to be verified through the Due-Diligence Discovery), believe that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class Members and that the Settlement confers substantial benefits upon Settlement Class Members. Lead Plaintiff and Lead Counsel shall use their best efforts to obtain final Court approval of the Settlement.

### C.    **Defendants' Denials of Wrongdoing**

Defendants have denied, and continue to deny, that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to Lead Plaintiff or any Settlement Class Member, or that they have liability as a result of any and all allegations made in the Action. Defendants maintain that at all relevant times, they engaged in the earnest pursuit of beneficial cancer therapies and in good faith communications with Y-mAbs's investors.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one, and the projected litigation costs, Defendants have concluded that further litigation of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial that the Settled Claims be fully and finally settled and terminated in the manner and upon the terms and conditions set forth herein.

## II.    **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

### A.    **Introduction**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their respective undersigned counsel of record, that, subject to approval of the Court under Fed. R. Civ. P. 23(e), in consideration of the benefits flowing to the Parties from the

Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

**B.    Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means *In re Y-mAbs Therapeutics, Inc. Securities Litigation*, No. 1:23-cv-00431-AS, pending in the United States District Court for the Southern District of New York.

1.1    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form in accordance with the requirements established by the Court and whose claim for recovery is allowed pursuant to the terms of this Stipulation.

1.2    "CAFA Notice" means the notice of the Settlement that counsel for Y-mAbs, on behalf of the Defendants, shall serve as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") and as set forth in ¶ 10.6.

1.3    "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4    "Claims Administrator" means the firm that will be hired by Lead Counsel to administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of either Exhibit C or Exhibit D hereto, as the Court may order, arranging for publication of Notice in the form of Exhibit E hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5    "Confidentiality Agreement" means the Confidentiality Agreement in the form entered into by Lead Plaintiff and Defendants, a copy of which is attached as Exhibit G.

1.6    "Court" means the court overseeing the Action, the United States District Court for the Southern District of New York.

4

1.7    "Defendant Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Defendants, the other Released Parties, or any of their current or former officers and directors, could have raised in the Action against the Lead Plaintiff, Lead Counsel, or any Settlement Class Member, whether arising under state, federal, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, including but not limited to those related to or arising from the commencement, prosecution or settlement of the Action (except for claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

1.8    "Due-Diligence Discovery" means the documents and information that Y-mAbs will provide to Lead Plaintiff as described in Section C below.

1.9    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 9.0 of the Stipulation have occurred and/or been met.

1.10    "Escrow Accounts" mean, collectively, the Notice & Administration Account and the Settlement Account.

1.11    "Escrow Agent" means Huntington National Bank.

1.12    "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.13    "Fee and Expense Application" means any application or applications for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of actual expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action, including any interest earned on such fees and expenses.

1.14    "Fee and Expense Award" means any award of attorneys' fees, costs, and expenses approved by the Court.

1.15    "Final," with respect to this Settlement, means that (a) the Court has entered an order finally approving the Settlement in all material respects, including, but not limited to, certifying a Settlement Class for settlement purposes only, approving the scope of the Releases, and entering the Judgment, and (b) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory award to Lead Plaintiff or any appeals solely related thereto.

1.16    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit B or in a similar form as adopted by the Court.

1.17    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory award to Lead Plaintiff approved by the Court, and Notice & Administration Costs.

1.18    "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, which is to be sent to Settlement Class Members substantially in the form attached hereto as either Exhibit C or Exhibit D, as the Court may order.

1.19    "Notice & Administration Account" means an interest-bearing escrow account that may be used only to pay Notice & Administration Costs.

1.20    "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing the Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Notice and Proof of Claim, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim forms, working with Claimants to cure defects in submitted Proof of Claim forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.21    "Parties" means, collectively, the Defendants and Lead Plaintiff, on behalf of themselves and the Settlement Class Members.

1.22    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, successors-in-interest, or assigns.

1.23    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the

approval of the Court.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.24    "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof to the Settlement Class, via the Notice and the Publication Notice, and related matters.

1.25    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit F.

1.26    "Publication Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit E.

1.27    "Released Claims" means the Released Settlement Class Claims and the Released Defendant Claims.

1.28     "Released Defendant Claims" means any and all claims or causes of action of every nature and description, whether known or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, including without limitation any claims under Fed. R. Civ. P. 11, except for claims relating to the enforcement of the Settlement.

1.29    "Released Settlement Class Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether contingent or

absolute, whether suspected or unsuspected, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any court, tribunal, proceeding, or other forum that arise out of or are based on the allegations, transactions, facts, matters, occurrences, representations, or omissions in any of Plaintiffs' pleadings in the Action and that relate to the purchase or acquisition of shares of Y-mAbs common stock during the Settlement Class Period. "Released Settlement Class Claims" shall exclude claims relating to the enforcement of the Settlement.

1.30   "Released Parties" means, for the Released Settlement Class Claims, (a) Defendants Y-mAbs, Gad, Møller, Rajah (b) their respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries, and (c) any persons or entitles listed on the Settlement Exclusion List. "Released Parties" means, for the Released Defendant Claims, Lead Plaintiff, Lead Counsel, and the Settlement Class members.

1.31    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 6.0–6.2.

1.32    "Settlement" means the settlement of the Action on the terms set forth in this Stipulation.

1.33    "Settlement Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount, from which a portion will be transferred into the Notice & Administration Account per ¶ 3.7, as may be ordered by the Court.

1.34    "Settlement Amount" means nineteen million, six hundred fifty thousand dollars ($19,650,000.00) in cash to be paid pursuant to ¶ 3.0 of this Stipulation.

1.35    "Settlement Class" means, for purposes of this Settlement only, all Persons who purchased, or otherwise acquired, the stock of Y-mAbs during the Settlement Class Period. Excluded from the Settlement Class are Defendants; members of their immediate families and their affiliates; any entity in which any Defendant had a controlling interest during the Settlement Class Period; any person who served as an officer or director of Y-mAbs during the Settlement Class Period; the judges presiding over the Action and the immediate family members of such judges; and the successors, heirs, and assigns of any excluded person. Also excluded from the Settlement Class are those Persons who submit a request for exclusion from the Settlement Class in such form and manner, and within such time, as the Court shall prescribe.

1.36    "Settlement Class Member" means a Person that is a member of the Settlement Class that does not exclude himself, herself or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.  "Settlement Class Members" means all such Persons.

1.37    "Settlement Class Period" means the period between October 6, 2020, and October 28, 2022, both dates inclusive.

1.38    "Settlement Distribution Order" means the Order approving the Claims Administrators' administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.39    "Settlement Exclusion List" means a list to be provided by counsel for Defendants to Lead Counsel within thirty (30) days after the date of this Stipulation identifying certain persons and entities properly excluded from the Settlement Class, described in ¶10.24 herein.

1.40    "Settlement Fairness Hearing" means a hearing to be held before the Court pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement of the Action on the terms and conditions in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel (to be distributed by Lead Counsel, in Lead Counsel's discretion, to any other counsel who contributed to the outcome obtained by Lead Plaintiff for the Settlement Class) for their efforts and any compensatory awards that should be awarded to Lead Plaintiff for his service to the Settlement Class; to hear any objections (if any) by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

1.41    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.42    "Supplemental Agreement" means the supplemental agreement between the Parties described in ¶3.14 herein.

1.43    "Taxes" and "Tax Expenses" means:  (a) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (b) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶3.11 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.44    "Unknown Claims" means and includes (a) any and all Released Settlement Class Claims that Lead Plaintiff or any Settlement Class Member do not know or suspect to exist in his, her or its favor, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement; and (b) any and all Released Defendant Claims that any Defendant or other Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall be deemed to have, and by operation of the Judgment, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge, and the Settlement Class Members and the other Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Settlement Class Claims and Released Defendant Claims was separately bargained for and a material element of the Settlement.

###    C.    **Due-Diligence Discovery**

2.0    Subject to the provisions of the Confidentiality Agreement, Y-mAbs will provide Lead Counsel with reasonable Due-Diligence Discovery regarding the claims in the Action to allow Lead Plaintiff and Lead Counsel to determine whether the proposed Settlement is fair, reasonable, and adequate.

2.1    Due-Diligence Discovery shall consist of documents relevant to the claims in the Complaint.

2.2    Due-Diligence Discovery will begin within fifteen (15) calendar days following entry of the Preliminary Approval Order and shall last for a period of forty-five (45) calendar days.

2.3    Any disputes regarding Due-Diligence Discovery (including any disputes about the content of that discovery) shall be submitted to Michelle Yoshida of Phillip ADR Enterprises for final, binding resolution.

2.4    Due-Diligence Discovery may be used only in accordance with the terms of the Confidentiality Agreement and solely for purposes of assessing whether the proposed Settlement is fair, reasonable, and adequate, and for no other purpose.

2.5    If the Due-Diligence Discovery contemplated by this Section C causes Lead Plaintiff and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement Agreement is not fair, reasonable, and adequate, Lead Plaintiff will have the right to terminate this

Settlement Agreement within ten (10) calendar days following the conclusion of the Due-Diligence Discovery.

**D.**     **The Settlement**

a.     **Settlement Amount**

3.0     In consideration of the full and final settlement of the Released Claims, Y-mAbs shall pay or cause to be paid the Settlement Amount to the Escrow Agent as the Settlement Fund for deposit into the Settlement Account within thirty (30) business days after the Court's entry of an order granting preliminary approval of the Settlement.

3.1     If the Settlement Amount is not paid to the Escrow Agent within thirty (30) business days following an order granting preliminary approval of the Settlement, Lead Counsel shall notify Defendants' Counsel that the payment has not occurred, and Y-mAbs shall have ten (10) business days to comply or obtain compliance with the obligation to pay the Settlement Amount to the Escrow Agent in accordance with the provisions of the preceding paragraph.  If payment still has not occurred after the additional period of ten (10) business days, Lead Plaintiff may terminate this Settlement Agreement.

3.2     The Defendants' and other Released Parties' sole financial obligation to Lead Plaintiff, the Settlement Class Members and Lead Counsel under this Stipulation shall be as set forth in ¶ 3.0, and under no circumstances shall the Defendants have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement.  All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel for distribution by Lead Counsel in the Action, and any compensatory award to Lead Plaintiff as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

b.    **The Escrow Agent**

3.3    At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government.  At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Defendants and other Released Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

c.    **Handling and Disbursement of Funds by the Escrow Agent**

3.4    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation.  The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' counsel and Lead Counsel.

3.5    No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶3.7–3.9 regarding the Notice & Administration Account, ¶3.11 regarding Taxes, and ¶8.1 regarding Attorneys' Fees and Expenses.

3.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall either be distributed or be returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court.  Once the Settlement and Judgment

become Final, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Defendants or any other Person who or which paid any portion of the Settlement Amount.

       d.    **Notice & Administration Account**

3.7     Within seven (7) calendar days after payment of the Settlement Amount into the Settlement Fund, the Escrow Agent shall establish a Notice & Administration Account and may deposit into it up to three hundred thousand dollars ($300,000.00) from the Settlement Account. The Notice & Administration Account may be invested and earn interest as provided for in this Stipulation, and references in this Stipulation to the Notice & Administration Account shall include such interest.

3.8     Without prior approval from the Court, the Notice & Administration Account shall be used by the Escrow Agent to pay Notice & Administration Costs. If Notice & Administration Costs exceed three hundred thousand dollars ($300,000.00), any such additional costs and expenses shall, subject to approval of the Court, be transferred from the Settlement Account to the Notice & Administration Account. Any residual monies held in the Notice & Administration Account upon the completion of notice and claims administration for the Settlement shall be transferred back into to the Settlement Account.

3.9     In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within five (5) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Account and Settlement Account, including interest earned, shall be returned to Defendants or any other Person who or which paid any portion of the Settlement Amount, *pro rata* as had been paid by them respectively, per their instructions, except for any monies paid or any then-accrued costs yet-to-be-paid for Notice & Administration Costs,

Taxes, and Tax Expenses. Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments. Lead Plaintiff and the Settlement Class shall have no responsibility for the return of such consideration. If, instead, the Settlement and Judgment become Final, once they become Final, there shall be no reversion whatsoever of any monies held in the Notice & Administration Account or Settlement Account to any of the Defendants or any other Person who or which paid any portion of the Settlement Amount.

3.10    The Notice & Administration Account shall not be used to pay any portion of the Fee and Expense Award to Lead Counsel. The Escrow Agent shall maintain a record of all funds disbursed. The Released Parties shall have no obligation to pay any expenses associated with the Notice & Administration Account. In no event shall the Released Parties be responsible to pay any amount for costs of notice and administration.

e.    **Taxes**

3.11    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)    The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund, and by extension, the Notice & Administration Account and Settlement Account, as "qualified settlement funds" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.11, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice & Administration Account and Settlement Account (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in ¶3.11(a)) shall be consistent with this ¶3.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)    All Taxes and Tax Expenses relating to the income earned by the Notice & Administration Account and Settlement Account shall be paid out of the Settlement Fund.

(d)    Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Account without prior order from the Court.

(e)    Lead Plaintiff, the Settlement Class Members, Lead Counsel, Defendants, Defendants' counsel, and the other Released Parties shall have no liability or responsibility for Taxes and Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Defendants, Defendants' counsel, Lead Plaintiff, the Settlement Class Members, Lead Counsel, and the other Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)    The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)).  Lead Plaintiff, the Settlement Class Members, Lead Counsel, Defendants, Defendants'

counsel, or the other Released Parties are not responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.11.  Upon written request, Y-mAbs's counsel agrees to promptly provide the Escrow Agent with the statement described in Treasury Regulation § 1.468B-3(e).

### f.     **Termination of Settlement**

3.12     The Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Parties within ten (10) business days of:  (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Any decision with respect to any Plan of Allocation, Fee and Expense Award to Lead Counsel, or compensatory award to Lead Plaintiff shall not be considered material to this Stipulation and shall not be grounds for termination.

3.13     In addition to the other termination rights described in Section C (concerning Due-Diligence Discovery) and Section D (concerning nonpayment of Settlement Amount), Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Parties within ten (10) business days of:  (a) the Court's declining to

enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect as to Defendants without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award to Lead Counsel, or compensatory award to Lead Plaintiff shall not be considered material to this Stipulation and shall not be grounds for termination.

3.14    If, before the Settlement Fairness Hearing, any Persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate have purchased a number of securities during the Settlement Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Parties, the Defendants, acting collectively and in their sole discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until either a dispute arises among the Parties concerning its interpretation or application or its submission is otherwise ordered by the Court, in which case the Parties will undertake to have its submission to the Court *in camera*, to the extent permitted by the Court.

3.15    If either Defendants or Lead Plaintiff exercise their respective right to terminate the Settlement as provided in this Stipulation:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.3, 2.4, 2.5, 3.6, 3.9, 3.11, 3.12, 3.13, 3.14, 3.15, 8.2, 9.2, 9.3, 9.4, 10.1, 10.4, 10.5, 10.14, 10.15, 10.16, 10.18);

(b)     The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice & Administration Costs, Taxes, and Tax Expenses pursuant to ¶¶ 3.8 and 3.9 above, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Defendants; and

(c)     The Parties shall revert to their respective positions in the Action prior to the execution of the MOU, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation.

### E.     Class Certification

4.0     For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to:  (a) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Lead Plaintiff as class representative for the Settlement Class; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g).  Following execution of this Stipulation, Lead Plaintiff, with consent of the Defendants, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only.  The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

### F.     Preliminary Approval Order

5.0     Promptly after execution of this Stipulation, Lead Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall request

entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, *inter alia*, (a) grant preliminary approval to the Settlement; (b) certify the Settlement Class for settlement purposes only; (c) authorize dissemination of Notice to the Settlement Class substantially in the form of Exhibits C or D and E hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit F; and (d) request a date for the Settlement Fairness Hearing.

5.1     The Notice as disseminated (or, if the short-form notice in form B2 is adopted for distribution to Settlement Class Members, then the Notice as posted on the Claims Administrators' website) shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel, for distribution by Lead Counsel, and a compensatory award to Lead Plaintiff; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund.  The Stipulation of Settlement, Notice, Proof of Claim and Release Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

5.2     Within seven (7) days after the Court enters a Preliminary Approval Order,  Y-mAbs shall assist the Claims Administrator in obtaining, from Y-mAbs's transfer agent, records of ownership sufficient to identify Settlement Class Members.  The cost, if any, associated with compiling and/or delivering these records from the transfer agent to the Claims Administrator shall be payable to the transfer agent from the Notice & Administration Account.  Lead Plaintiff, Lead Counsel, and the Claims Administrator agree to maintain this information in confidence and only for the purpose of administering this Settlement.

G.    **Releases**

6.0    The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to the Lead Plaintiff, the Settlement Class Members, the Defendants, the other Released Parties, and any and all Released Claims.

6.1    Upon the Effective Date of this Settlement, Lead Plaintiff and all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their successors, heirs, executors, trustees, administrators, predecessors, and assigns, shall be deemed to have, and by operation of the Judgment shall have, released, waived and forever discharged all of the Released Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Released Settlement Class Claims.

6.2    Upon the Effective Date of this Settlement, and as a material condition of the dismissal with prejudice of the Action, the Defendants, on behalf of themselves, their successors, heirs, executors, administrators, predecessors, and assigns; any of their current or former officers and directors; and all of the other Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and every one of the Released Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Released Defendant Claims.

H.    **Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

7.0    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The distribution checks will be drawn upon the Net Settlement Fund.

7.1    Defendants shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory award to Lead Plaintiff.  Any such awards shall be paid solely by the Settlement Fund.

7.2    The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice & Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay a compensatory award to Lead Plaintiff to the extent allowed by the Court; and, upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation and the Plan of Allocation.

7.3    After the Effective Date, Lead Counsel, on behalf of Lead Plaintiff, shall apply to the Court, on notice to the Defendants, for the Settlement Fund Distribution Order.  The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration, including the Notice & Administration Costs, Taxes, and Tax Expenses, have been paid.

7.4    The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(a)    Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim Form, substantially in the form of Exhibit F hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against Defendants or the other Released Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

7.5    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim.  No discovery shall be allowed of the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

7.6    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel, or any of the other Released Parties based on distribution determinations or

claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

7.7    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described in the Notice, and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court. Under no circumstances shall Defendants have any interest whatsoever in such remaining balance.

7.8    This is not a claims-made settlement.  If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or any other Person who or which paid any portion of the Settlement Amount.

7.9    Defendants and their respective legal counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:  (a) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the administration, management, investment, allocation or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the

Settlement Fund; (f) the payment or withholding of any Taxes and Tax Expenses, or (g) any failure of Notice or failure to identify Settlement Class Members pursuant to ¶ 5.2 above.

7.10    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

## I.    Attorneys' Fees and Expenses

8.0    Lead Counsel may submit the Fee and Expense Application, in its sole discretion, contemporaneously with or after Lead Plaintiff files his motion seeking Final approval of the Settlement.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

8.1    Any Fee and Expense Award, including any interest thereon, shall be payable to Lead Counsel, for distribution by Lead Counsel in its sole discretion, solely from the Settlement Fund upon entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

27

8.2     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Plaintiff's counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

8.3     The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action. However, if the Court were to reduce the Fee and Expense Award or otherwise reject the Fee and Expense Application, in any material way, and if Lead Plaintiff and Lead Counsel appeal such ruling(s), the Escrow Agent shall hold and retain within the Settlement Account sufficient funds to cover Lead Plaintiff's and Lead Counsels' claim on appeal that shall not be distributed during the pendency of such appeal.

**J.     Effect of Disapproval, Cancellation or Termination**

9.0     The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)     Approval by the Court of the Settlement, following the period set forth for CAFA Notice, and following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)     The Settlement Amount has been paid into the Settlement Fund; and

(c)     Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment

and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of any Fee and Expense Application, or (iii) the granting of a compensatory award to Lead Plaintiff, shall not affect, alter, or delay the occurrence of the Effective Date.

9.1    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶¶7.2 and 7.3 hereof.

9.2    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) business days after written notification of such event is sent by Defendants' counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶3.12 or 3.13 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed or are determined to be chargeable to the Settlement Fund pursuant to ¶¶3.4–3.11 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendants' counsel.

9.3    In the event this Settlement is terminated as provided in ¶¶3.12 or 3.13, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.3, 2.4, 2.5, 3.6, 3.9, 3.11, 3.12, 3.13, 3.14, 3.15, 8.2, 9.2, 9.3, 9.4, 10.1, 10.4, 10.5, 10.13, 10.14, 10.16, and 10.18 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this

Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the amount of any awards to the Lead Plaintiff, or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

9.4     In the event this Settlement is terminated as provided in ¶¶3.12 or 3.13, Lead Plaintiff, the Settlement Class Members, Lead Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any amounts actually and properly disbursed from the Notice & Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Notice & Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶9.2.

### K.    **Miscellaneous Provisions**

10.0     Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendants with respect to, any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defenses that Defendants have asserted or could assert in the Action or any other action.

10.1     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)     Against any of the Defendants or the other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants or the other Released Parties with respect to the truth of any fact alleged by the Lead Plaintiff in

this Action or the validity of any claim that has been or could have been asserted against any of the Defendants or the other Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing or liability by any of the Defendants or the other Released Parties.

(b)     Against any of the Defendants, the Lead Plaintiff, any Settlement Class Members, or the other Released Parties, as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Defendants, the Lead Plaintiff, any Settlement Class Member, or the other Released Parties, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Lead Plaintiff, any Settlement Class Member, or the other Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Lead Plaintiff, and any Settlement Class Member, and the other Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(c)     Against any of the Defendants or the other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

(d)     Against the Lead Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by the Lead Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(e)     Against the Lead Plaintiff or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiff in the AC or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any non-compliance with Fed. R. Civ. P. 11 or any similar rule or ethical obligation.

10.2     The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiff or the Settlement Class Members against the Defendants and their counsel and all Released Parties concerning the Released Settlement Class Claims and against the Lead Plaintiff and Settlement Class Members and their counsel by the Defendants and all Released Parties concerning the Released Defendant Claims.  The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and that the Settlement reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

10.3     The Parties (a) acknowledge that it is their intent to consummate this Stipulation, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Subject to their fiduciary and legal obligations to their clients, Lead Counsel and Defendants' counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Final approval of the Settlement.

10.4    Neither Lead Plaintiff, the Settlement Class Members, nor the Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund or if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

10.5    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for the Fee and Expense Award to Lead Counsel and enforcing the terms of this Stipulation.

10.6    Pursuant to CAFA, no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants shall serve a CAFA Notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA and provide a copy of that notice and proof of service to Lead Counsel.

10.7    Except as otherwise provided for herein, each Party shall bear his, her, or its own costs.

10.8    Pending preliminary approval by the Court of the Settlement, other than by agreement of the Parties, all proceedings in this Action shall be stayed, except those in furtherance of obtaining preliminary Settlement approval, and the Parties shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

10.9    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.10    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed as a waiver by the waiving Party of any other prior or subsequent breaches of this Stipulation or a waiver by any other Party of any breach of this Stipulation.

10.11    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

10.12    Once executed, this Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.13    Other than the Supplemental Agreement (as described in ¶3.14, *supra*), this Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

10.14    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

10.15    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.16   This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

10.17   The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation.

10.18   Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by mediation before Michelle Yoshida of Phillip ADR Enterprises.  If such mediation fails to produce an agreed resolution, the dispute shall be submitted to the Court.

10.19   This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

10.20   This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

10.21   Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, emailed PDF or similar-format electronic document, or facsimile transmission with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Counsel, then to:                    Michael J. Wernke
                                                **POMERANTZ LLP**

600 Third Avenue, 20th Floor
New York, NY 10016
Tel: (212) 661-1100
Email:  mjwernke@pomlaw.com

*Lead Counsel for Lead Plaintiff and the*
*Settlement Class*

If to Defendants, then to:

Aric H. Wu
Sarah M. Topol
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
ahwu@cooley.com
stopol@cooley.com

Koji F. Fukumura
**COOLEY LLP**
10265 Science Center Dr.
San Diego, CA  92121-1117
Tel: (858) 550-6000
Email:  kfukumura@cooley.com

*Counsel for Defendants*

10.22   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

10.23   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

10.24   The Settlement Exclusion List shall not be filed with the Court and its terms shall not be otherwise disclosed, except that it shall be (1) made available to the Court upon request or

disclosed to the Court if a dispute arises among the Parties concerning its interpretation or application, and (2) provided to any Settlement Class Member or objector who requests a copy in writing from the Claims Administrator.

*** *** *** *The Rest of This Page Is Intentionally Left Blank* *** *** ***

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, dated June 26, 2024.

Michael J. Wernke
**POMERANTZ LLP**
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016

*Lead Counsel for Lead Plaintiff and the Settlement Class*

Aric H. Wu
Sarah M. Topol
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001

Koji F. Fukumura
**COOLEY LLP**
10265 Science Center Dr.
San Diego, CA 92121-1117

*Counsel for Defendants*

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated June 26, 2024.

_____
Michael J. Wernke
**POMERANTZ LLP**
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016

*Lead Counsel for Lead Plaintiff and the Settlement Class*

_____
Aric H. Wu
Sarah M. Topol
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001

Koji F. Fukumura
**COOLEY LLP**
10265 Science Center Dr.
San Diego, CA 92121-1117

*Counsel for Defendants*

## __EXHIBITS__

A.  Preliminary Approval Order

B.  Final Approval Order and Judgment

C.  Postcard Notice

D.  Long-Form Notice

E.  Summary Notice

F.  Proof of Claim Form

G.  Confidentiality Agreement