# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE Y-mAbs THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No.: 1:23-cv-00431-AS |

**DECLARATION OF SARAH EVANS CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE PUBLICATION NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.     I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over eight years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred and fifty (550) class action settlements since its inception.  I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**DISSEMINATION OF NOTICE**

2.     Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated July 1, 2024 (ECF No. 59, the "Preliminary Approval Order"), SCS was appointed as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action.[1] I submit this declaration in order to provide the Court and the Parties with information regarding the mailing of the Postcard Notice and emailing of links to the Notice of Proposed Settlement of Class Action,

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement, dated as of June 26, 2024 (ECF No. 58, the "Stipulation").

1

Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Long Notice") and the Proof of Claim and Release Form (the "Proof of Claim" and, together with the Long Notice, the "Long Notice and Proof of Claim") to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3. SCS sent the Depository Trust Company ("DTC") the Long Notice and Proof of Claim for the DTC to publish on its Legal Notice System ("LENS") on July 22, 2024. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Long Notice and Proof of Claim is attached as **Exhibit A.**

4. On July 22, 2024, SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 22 individuals and/or entities identified in the transfer records that were provided to SCS by Equiniti Trust Company, LLC, the transfer agent for Y-mAbs Therapeutics, Inc. ("Y-mAbs"). These records reflect the individuals and/or entities that purchased or otherwise acquired Y-mAbs stock between October 6, 2020 and October 28, 2022, both dates inclusive (the "Settlement Class Period").

5. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 1,037 banks and brokerage companies ("Nominee Account Holders"), as well as 1,265 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On July 22, 2024, SCS caused a letter to be mailed or e-mailed

to the 2,302 Nominee Account Holders and Institutional Groups contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that within ten (10) calendar days from the date of the letter, they either (a) provide SCS with a list of the names, mailing addresses, and email addresses (to the extent known) of such beneficial purchasers/owners so that SCS could promptly mail the Postcard Notice or, to the extent that valid email addresses were provided, email the link to the electronic Long Notice and Proof of Claim on the settlement website directly to their clients who were beneficial purchasers/owners; (b) request from SCS  copies of the Postcard Notice sufficient to forward to their customers who may be beneficial purchasers/owners, and within ten (10) calendar days after receipt of such Postcard Notices, forward the notices to all beneficial owners for whom they are nominee or custodian; or (c) request the link to the location of the electronic Long Notice and Proof of Claim and, within ten (10) calendar days after receipt of the link, forward it to all of their clients who were beneficial purchasers/owners.  A copy of the letter sent to the Nominee Account Holders and Institutional Groups is attached as **Exhibit B.**

6.     Following this mailing, SCS received 1,592 names from individuals or nominees requesting that SCS mail Postcard Notices to their clients who were potential Settlement Class Members. Additionally, SCS received requests from three nominees for copies of the Postcard Notice so that the nominees could forward them to 6,585 of their customers who were potential Settlement Class Members.  One nominee notified SCS that they mailed a total of 370 Postcard Notices to their customers who were potential Settlement Class Members.  To date, a total of 8,569

Postcard Notices have been mailed to potential Settlement Class Members.[2] A true and correct copy of the Postcard Notice is attached as **Exhibit C**.

7.    Out of the 8,569 Postcard Notices mailed, 210 were returned to SCS as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for ten, and SCS immediately mailed another Postcard Notice to the potential Settlement Class Members at the updated forwarding addresses. The remaining 200 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 22 were re-mailed to updated addresses.

8.    Also pursuant to the mailing detailed in paragraph 5 above, SCS received six email addresses for individuals and entities who were potential Settlement Class Members, and SCS mailed links to the electronic Long Notice and Proof of Claim to these potential Settlement Class Members. Additionally, SCS was notified by one nominee that they emailed links to the electronic Long Notice and Proof of Claim to 5,821 of their clients who were potential Settlement Class Members.

9.    To date, a total of 14,396 potential Settlement Class Members have been notified of the Settlement either by mailed Postcard Notice or emailed link to the Long Notice and Proof of Claim.

### PUBLICATION OF THE PUBLICATION NOTICE

10.    Pursuant to the Preliminary Approval Order, SCS caused the Notice of Pendency and Proposed Settlement of Class Action (the "Publication Notice") to be published once over

---

[2] SCS received three requests from potential Settlement Class Members for the Long Notice and Proof of Claim to be mailed to them.  SCS immediately mailed the Long Notice and Proof of Claim to the potential Settlement Class Members.

*Globe Newswire*, a newswire service that distributes nationally in the United States, on July 22, 2024.  The confirmation of publication is included as **Exhibit D** hereto**.**

### TOLL-FREE PHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries throughout the administration process.

### SETTLEMENT WEBPAGE

12.     On July 17, 2024, SCS established a webpage for the Settlement on SCS's website at www.strategicclaims.net/y-mabs. The webpage is accessible 24 hours a day, 7 days a week.  The website contains information related to the current status of the case, including important case dates such as the date of the Settlement Fairness Hearing, the deadline for requesting exclusion, and the deadline for filing an objection; the link to the online claims filing system; and downloadable copies of important documents such as the Long Notice and Proof of Claim, the Preliminary Approval Order, and the Stipulation and its Exhibits C, D, E, F, and G.

### REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Long Notice, Publication Notice, Postcard Notice, and the Settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed or otherwise delivered to SCS such that they are received no later than October 7, 2024.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has not received any requests for exclusion.

14.     The Long Notice, Publication Notice, Postcard Notice, and the Settlement webpage also informed Settlement Class Members seeking to object to the proposed Settlement, the Plan of

Allocation, the Fee and Expense Award, or the compensatory award to Lead Plaintiff that they are required to submit their objection in writing such that the request is received by Lead Counsel and counsel for Defendants, as well as filed with the Clerk of the Court, no later than October 7, 2024. As of the date of this declaration, SCS has neither received any objections nor been notified that Lead Counsel has received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7th day of October 2024, in Media, Pennsylvania.

_____
Sarah Evans

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE Y-mAbs THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No.: 1:23-cv-00431-AS |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION,**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES,**
**AND SETTLEMENT FAIRNESS HEARING**

If you purchased, or otherwise acquired, the stock of Y-mAbs Therapeutics, Inc. ("Y-mAbs") between October 6, 2020 and October 28, 2022, both dates inclusive (the "Settlement Class Period"), you could be entitled to a payment from a class action settlement (the "Settlement").

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- The Court will hold a Settlement Fairness Hearing on October 28, 2024 to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide a gross amount of nineteen million six hundred fifty thousand dollars ($19,650,000.00) (the "Settlement Amount"), plus interest earned thereon, minus attorneys' fees, costs, administrative expenses, and any compensatory award to Lead Plaintiff, and net of any taxes, to pay claims of investors who purchased or otherwise acquired Y-mAbs stock during the Settlement Class Period.

- The Settlement represents an average recovery of $0.954 per share of Y-mAbs stock for the 20.6 million estimated shares that Lead Plaintiff alleges were damaged and declined in value as a result of Defendants' alleged misconduct during the Settlement Class Period.  This estimate solely reflects the average recovery per damaged share of Y-mAbs stock before the deductions outlined in the first bullet-pointed paragraph of this section, above. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will be affected by the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Y-mAbs stock, and the total number of valid claims filed.  See the Plan of Allocation below for more details.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form by October 7, 2024.

- Lead Counsel for the Settlement Class intend to ask the Court to award them fees of up to one-third (33 1/3%) of the Settlement Amount and reimbursement of up to two hundred thousand dollars ($200,000.00) in out-of-pocket litigation expenses, plus interest earned on such fees and expenses. Since the Action's inception in January 2023, Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a wholly contingent-fee basis (meaning that they have not yet been paid anything) and advanced the expenses of the litigation out of their own pockets in the expectation that, if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel also intend to ask the Court to grant Lead Plaintiff an award not to exceed ten thousand dollars ($10,000.00).  Collectively, the attorneys' fees and litigation expenses and the award to Lead Plaintiff are estimated to average $0.328 per damaged share of Y-mAbs stock.  The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.  If approved by the Court, these amounts will be paid from the Settlement Fund.

1

- The approximate recovery, after the deduction of attorneys' fees and expenses and award to Lead Plaintiff to be approved by the Court, is an average of $0.626 per damaged share of Y-mAbs stock. This estimate is based on the assumptions set forth in the preceding paragraph.  Your actual recovery, if any, will vary depending on your purchase price and sales price and the number of valid Proof of Claim and Release Forms filed.

- The Defendants are Y-mAbs and the Individual Defendants Thomas Gad ("Gad") and Claus Juan Møller San Pedro ("Møller").

- Upon the Effective Date of the Settlement, the Released Settlement Class Claims will be fully, finally, and forever released as to Defendants and all of the Released Parties.  Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, all Defendants and Released Parties shall release all of the Released Defendant Claims as against Lead Plaintiff, Lead Counsel, and all Settlement Class members.

- The Settlement resolves the lawsuit concerning whether Defendants violated U.S. federal securities laws by allegedly issuing materially false and misleading statements.  Defendants and Lead Plaintiff disagree on liability and damages.  Defendants deny the lawsuit's allegations and all charges of wrongdoing, fault or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Lead Plaintiff believes that his claims have merit and that, if he prevailed on all his claims and the Court accepted his theory of damages, he would have been able to collect a substantial amount of money, assuming that the full amount of the judgment was collectable.  The Parties disagree on how much money could have been won if the investors won at trial.

- Your legal rights will be affected whether you act or do not act.  If you do not act, you may permanently forfeit your right to recover on any claim you might have.  Therefore, you should read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim and Release Forms must be received no later than October 7, 2024. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims in this lawsuit.  Requests for Exclusion must be received no later than October 7, 2024. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses or the Lead Plaintiff compensatory award.  You still will be a member of the Settlement Class.  Objections must be received by the Court, Lead Counsel, and Defendants' counsel by October 7, 2024. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement on October 28, 2024. |
| **DO NOTHING** | Get no payment.  Give up your rights. |

## INQUIRIES

For further information regarding the Action or this Notice or to review the Stipulation of Settlement, dated June 26, 2024 (the "Stipulation"), please contact the Claims Administrator toll-free at (866) 274-4004 or at info@strategicclaims.net.  You may also contact Lead Counsel for the Settlement Class by contacting Michael J. Wernke, Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100.  **Please do not contact the Court or Defendants regarding this Notice**.

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased, or otherwise acquired, the stock of Y-mAbs between October 6, 2020 and October 28, 2022 (the "Settlement Class Period").

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class-action lawsuit and about all of their options before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after objections and appeals—if any—are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

| 2. | What is this lawsuit about? |
|---|---|

This case is known as *In re Y-mAbs Therapeutics, Inc. Securities Litigation*, No. 1:23-cv-00431-AS (the "Action").  The United States District Court for the Southern District of New York is in charge of the Action, and the case has been overseen by the Honorable Arun Subramanian.

This Action brings claims against Defendants for alleged violations of provisions of the Securities Exchange Act of 1934 (the "Exchange Act").  The Amended Class Action Complaint ("AC") alleges, among other things, that Defendants made misrepresentations and/or omissions of material fact in public statements to the investing public regarding Y-mAbs's product omburtamab, the status of its Biologics License Application and FDA approval prospects.  The AC further alleges that revelation of Defendants' alleged fraud caused Y-mAbs stock price to decline, thereby injuring Lead Plaintiff and the Settlement Class of investors.  Defendants have consistently denied, and continue to deny, each and every one of these allegations and deny they have committed any act or omission giving rise to any liability or violation of the law.

| 3. | Why is this a class action? |
|---|---|

Classes are generally used in lawsuits that affect a large number of individuals.  A class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits to separately seek to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those class members, if any, who specifically choose to exclude themselves from the class.

As part of the preliminary approval process, Lead Plaintiff will ask the Court to certify a class for settlement purposes only.  The proposed Settlement Class will consist of all persons or entities who purchased, or otherwise acquired, the stock of Y-mAbs between October 6, 2020 and October 28, 2022, both dates inclusive.  Excluded from the Settlement Class are Defendants; members of their immediate families and their affiliates; any entity in which any Defendant had a controlling interest during the Settlement Class Period; any person who served as an officer or director of Y-mAbs during the Settlement Class Period; the judges presiding over the Action and the immediate family members of such judges; any persons or entities listed on the Settlement Exclusion List (as defined in the Stipulation); and the

successors, heirs, and assigns of any excluded person. Per terms of the Stipulation, Defendants shall assist in identifying the persons and entities to be excluded from the Settlement Class.

| 4. | **Why is there a settlement?** |
|---|---|

This Action has not gone to trial, and the Court has not decided in favor of either side. Instead, legal counsel for all the parties participated in an all-day mediation before an experienced mediator and, after further negotiations, the Parties agreed to and memorialized the Settlement to avoid the costs and risks of further litigation.

Lead Plaintiff and Lead Counsel believe that the Settlement is in the Settlement Class Members' best interest and provides them with a substantial benefit now, instead of engaging in years of further uncertain and expensive litigation; likely discovery disputes; a contested motion for class certification; the Parties' cross-motions for summary judgment; pre-trial motions and a lengthy trial; and likely appeals — much of which could result in no recovery at all. By settling the Action with the Defendants at this point, Lead Plaintiff is not admitting that the Action lacked merit, or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Amount had litigation continued. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Lead Plaintiff or the Settlement Class Members that any of their claims lack merit; that any defenses asserted by any of the Defendants in the Action have any merit; or that damages recoverable in the Action would not have exceeded the Settlement Fund.

Defendants have denied, and continue to deny, all of the allegations made and claims brought by Lead Plaintiff, maintain that they have meritorious defenses, and believe they would prevail at trial. Nonetheless, Defendants have concluded that further litigation of this Action would be protracted and expensive, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Defendants have, therefore, determined that it is desirable and beneficial to fully and finally settle the Released Claims on the terms set forth in the Stipulation.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. A trial is a risky proposition. The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony. The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail on each claim alleged against the Defendants. Among their many other disagreements are: (1) whether the Defendants violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by Lead Plaintiff were material, false, misleading or otherwise actionable; (3) the extent (if any) that the alleged misrepresentations and omissions influenced Y-mAbs's stock price during the Settlement Class Period; and (4) the method for determining whether, and the extent to which, purchasers of Y-mAbs stock suffered injury and damages that could be recovered at trial.

The Stipulation is subject to the completion of Due-Diligence Discovery to confirm the fairness of the Settlement. Pursuant to the Stipulation, Lead Plaintiff has the right to withdraw from and terminate the Settlement at any time before filing their motion in support of final approval of the Settlement if information produced during Due-Diligence Discovery causes Lead Plaintiff and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement is not fair, reasonable, and adequate.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class Member.

| 5. | **How do I know if I am part of the Settlement?** |
|---|---|

The Settlement Class includes all persons or entities who purchased or otherwise acquired the stock of Y-mAbs between October 6, 2020 and October 28, 2022, both dates inclusive.

| 6. | **Are there exceptions to being included?** |
|---|---|

Yes.  You are not a member of the Settlement Class if you did not purchase or otherwise acquire Y-mAbs stock on or between the dates listed above.  If you purchased or otherwise acquired Y-mAbs stock some other time, or did not purchase it at all, you are not included within the Settlement Class.

You are also not a member of the Settlement Class if you are on the list of persons and entities that are specifically excluded from it, per question 3 above.

| 7. | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (866) 274-4004 or at info@strategicclaims.net, for more information. Or you can fill out and return the Proof of Claim and Release Form enclosed with this Notice package, with appropriate supporting documentation, to see if you qualify.

## THE SETTLEMENT BENEFITS —— WHAT YOU GET

| 8. | **What does the Settlement provide?** |
|---|---|

In exchange for the Settlement and release of the Released Claims (defined below) as well as dismissal of the Action, Defendants have agreed to pay, or cause to be paid, nineteen million six hundred fifty thousand dollars ($19,650,000.00) to be divided, after payment of Court-approved attorneys' fees and expenses, the costs of claims administration including the costs of printing and mailing this Notice and the cost of publishing notice, any compensatory award granted to Lead Plaintiff, and Taxes and Tax Expenses (the "Net Settlement Fund"), *pro rata* among all Settlement Class Members who send in a valid Proof of Claim and Release Form ("Authorized Claimants").

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including the following: how many Settlement Class Members submit timely and valid Proof of Claim and Release Forms; the total Recognized Losses represented by the valid Proof of Claim and Release Forms that the Settlement Class Members send in; and your Recognized Losses, based on the number of Y-mAbs shares you purchased during the Settlement Class Period, how much you paid for them, when you purchased them, and, if you sold them, when and for how much you sold them.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss.  It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim and Release Forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses. See the Plan of Allocation below for more information.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Proof of Claim and Release Form, which is enclosed with this Notice and may also be downloaded at www.strategicclaims.net/Y-mAbs/. Read the instructions

carefully, fill out the Form completely, include all the documents that the Form asks for, sign it, and mail or submit it online so that it is received no later than October 7, 2024.

| 11. | **When would I get my payment?** |
| --- | --- |

The Court will hold a Settlement Fairness Hearing on October 28, 2024 to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proof of Claim and Release Forms to be processed, including the process of identifying and attempting to cure defects in Proof of Claim Forms that were submitted by Settlement Class Members.  Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Class?** |
| --- | --- |

Unless you timely exclude yourself, you will remain a Settlement Class Member and will be bound by the Release of claims against the Defendants and the Released Parties.  That means you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Parties about the Released Settlement Class Claims in this Action.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Defendants and the Released Parties.  The terms of the Release are included in the Proof of Claim and Release Form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and the other Released Parties on your own about the legal issues that were at issue and litigated in this Action, then you must take steps to remove yourself from the Settlement. This is called excluding yourself from — sometimes referred to as "opting out" — of the Settlement Class.  If you decide to exclude yourself from the Settlement Class, and wish to file your own individual lawsuit, Defendants may argue in the future that you face a time bar under applicable statutes of limitation or repose, risks that you should discuss with an appropriate legal advisor.

| 13. | **How do I get out of the proposed Settlement?** |
| --- | --- |

To exclude yourself from the Settlement Class, you must send a letter by First-Class Mail (e-mail or phone call will not suffice) stating that you "request exclusion from the Settlement Class in *In re Y-mAbs Therapeutics, Inc. Securities Litigation*, No. 1:23-cv-00431-AS."  Your letter must include the date(s), price(s), and number(s) of all purchases and sales of Y-mAbs stock during the Settlement Class Period.  In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion to be received no later than October 7, 2024, to:

*Y-mAbs Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**If you ask to be excluded, you will not get any payment**, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action.

6

| 14. | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |
|---|---|

No.  Unless you exclude yourself from the Settlement Class, you give up any rights to sue the Defendants and the other Released Parties for the Released Settlement Class Claims.  The meaning of Released Settlement Class Claims and claims that are excluded are included in the Proof of Claim and Release Form that is enclosed, as well as in the Stipulation that is posted on the Claims Administrator's website.  If you have a pending lawsuit against the Defendants or other Released Parties based on the Released Settlement Class Claims, speak to your lawyer in that case immediately.  You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is October 7, 2024.

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you may not send in a Proof of Claim and Release Form to ask for any money from this Settlement.

### THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Pomerantz LLP shall represent the Settlement Class Members, including you.  These lawyers are called Lead Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers, which will be paid from the Settlement Fund, as approved by the Court.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel have litigated this Action since January 2023 on a wholly contingent basis, meaning that they have not been paid any attorneys' fees for the time devoted to the lawsuit, nor have they been reimbursed their out-of-pocket expenses incurred during that time period.  As such, as part of the Settlement approval process, Lead Counsel will move the Court for an award of attorneys' fees in an amount not greater than one-third (33 1/3%) of the Settlement Fund and for out-of-pocket expenses in an amount not to exceed two hundred thousand dollars ($200,000.00) in connection with the litigation, plus interest earned on such fees and expenses. Lead Counsel intends to share a limited amount of any attorneys' fees awarded by the Court with Glancy Prongay & Murray LLP and Wolf Popper LLP in accordance with their level of contribution to the initiation, prosecution, and resolution of the Action. The Court will decide whether to grant this request, and, if it is granted, how much to award Lead Counsel. Such sums as may be approved by the Court will be paid from the Settlement Fund.

Lead Counsel shall file a formal motion with the Court for approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and the request for a compensatory award to Lead Plaintiff of up to ten thousand dollars ($10,000.00) no later than October 7, 2024.

Lead Counsel believes that the requested attorneys' fees are warranted in light of their efforts, on a wholly contingent basis, to investigate the underlying claims, to work with a private investigator and a damages analyst, to draft and file the first amended complaint after continued investigation and their appointment as Lead Counsel, to litigate and overcome Defendants' motion to dismiss, to prepare a detailed meditation statement, to mediate the dispute before an experienced mediator and thereafter to negotiate the Settlement and work to memorialize it in a Memorandum of Understanding then a detailed Stipulation with a proposed proof of claim form and proposed notices, and submit the Settlement to the Court for necessary approvals. Lead Counsel's motion will argue that the requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type and are reasonable when compared against Lead Counsel's actual time devoted to the litigation of the Action at the applicable

billing rates of Lead Counsel's attorneys and paralegals. The Court determines what to award Lead Counsel as fees and expenses from the Settlement Fund, and may award more or less than the amount requested, in its discretion.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
| --- | --- |

If you are a Settlement Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, any proposed compensatory award, and/or Lead Counsel's fee, cost, and expense application. You can write to the Court setting out your objection. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement in *In re Y-mAbs Therapeutics, Inc. Securities Litigation*, No. 1:23-cv-00431-AS (S.D.N.Y). Be sure to include your name, address, telephone number, and your signature; identify the date(s), price(s), and number(s) of Y-mAbs shares that you purchased or otherwise acquired and sold or otherwise disposed of during the Settlement Class Period; and state the reasons why you object to the proposed Settlement. If you object to either the Settlement, requested attorneys' fees or reimbursement of expenses, or Lead Plaintiff's compensatory award, you subject yourself to the jurisdiction of the Court in this matter, and Lead Plaintiff, acting through Lead Counsel, will have the right to take your deposition prior to the Settlement Fairness Hearing. If you refuse to have your deposition testimony taken upon Lead Plaintiff's request, your objection will be deemed invalid. Your objection must be filed with the Court **and** mailed or delivered to **each** of the following addresses such that it is received no later than October 7, 2024:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- | --- |
| Clerk of Court United States District Court for the Southern District of New York Daniel Patrick Moynihan United States Courthouse 500 Pearl St. New York, NY 10007 | Michael J. Wernke **POMERANTZ LLP** 600 Third Avenue 20th Floor New York, NY 10016 | Aric H. Wu **COOLEY LLP** 55 Hudson Yards New York, NY 10001 |

| 19. | **What is the difference between objecting and excluding myself?** |
| --- | --- |

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to seek a payment from the Settlement Fund. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to do so.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
| --- | --- |

The Court will hold a Settlement Fairness Hearing on October 28, at 11:00 a.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 15A, New York, NY 10007 for the following reasons: to determine whether the proposed Settlement of the Action on the terms and conditions

8

provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class Members and should be approved by the Court; to determine whether a proposed Order and Final Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of fees, costs, and expenses that should be awarded to Lead Counsel and any compensatory award to Lead Plaintiff for his service to the Settlement Class; and to consider such other matters as the Court may deem appropriate.  If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing.

At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and whether to grant, and, if so, the amount, of any awards to Lead Counsel and to Lead Plaintiff.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members, though any revised dates or times will be promptly posted to the Claims Administrator's website.  The Court may also choose to hold the Settlement Hearing additionally or exclusively by teleconference or over the Court's virtual (Zoom) service.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No.  Lead Counsel will answer questions the Court may have and has extensive experience handling settlement-related hearings of this nature.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "intention to appear in *In re Y-mAbs Therapeutics, Inc. Securities Litigation*, No. 1:23-cv-00431-AS." Persons who intend to object to the Settlement, the Plan of Allocation, any proposed compensatory award, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, all of your claims against the Defendants and the Released Parties will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release Form, with appropriate supporting documentation, to share in the Settlement proceeds.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  The Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice.  You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (866) 274-4004 or by downloading it from the Claims Administrator's website at www.strategicclaims.net/Y-mAbs/.

9

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, reference is made to the Stipulation, to the filings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement-related papers filed in the Action, which will be posted on the settlement website at www.strategicclaims.net/Y-mAbs/.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Y-mAbs stock purchased or otherwise acquired during the Settlement Class Period.[1] The calculation of Recognized Loss will depend upon several factors, including when shares of Y-mAbs stock were purchased or otherwise acquired during the Settlement Class Period, and for what price, and whether those shares were sold, and if sold, when they were sold. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Y-mAbs stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Y-mAbs stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Y-mAbs stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Y-mAbs stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which allegedly corrected an alleged misleading statement or omission. Lead Plaintiff and Lead Counsel have determined that such price declines occurred on October 26, 2022, October 27, 2022, October 31, 2022, and November 1, 2022 (the "Corrective Disclosure Dates"). Accordingly, if a share of Y-mAbs stock was sold before October 26, 2022 (the earliest Corrective Disclosure Date) the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Y-mAbs stock was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

---

[1] During the Settlement Class Period, Y-mAbs stock was listed and traded on the Nasdaq Global Select market under the ticker symbol "YMAB."

| Table 1 | | |
| Artificial Inflation in Y-mAbs Stock | | |
| **From** | **To** | **Per-Share Price Inflation*** |
|---|---|---|
| October 6, 2020 | October 25, 2022 | $12.12 |
| October 26, 2022 | October 26, 2022 | $7.36 |
| October 27, 2022 | October 28, 2022[2] | $5.53 |
| October 31, 2022 | October 31, 2022 | $0.35 |
| November 1, 2022 | Thereafter | $0.00 |

*For each day during the Settlement Class Period, the per-share price inflation in Y-mAbs stock shall not exceed that day's closing price of Y-mAbs stock.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Y-mAbs stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Y-mAbs stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period. The Recognized Loss on Y-mAbs stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Y-mAbs stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Y-mAbs Stock

For each share of Y-mAbs stock purchased or otherwise acquired during the Settlement Class Period (i.e., October 6, 2020 through October 28, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

i. For each share of Y-mAbs stock sold prior to October 26, 2022, the Recognized Loss is $0.

ii. For each share of Y-mAbs stock purchased during the Settlement Class Period that was subsequently sold during the period October 26, 2022 through October 28, 2022, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as appears in Table 1 above *minus* the amount of price inflation on the date of sale as appears in Table 1.

iii. For each share of Y-mAbs stock purchased during the Settlement Class Period that was subsequently sold during the period October 31, 2022 through January 26, 2023, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

    a. the amount of price inflation on the date of purchase as appears in Table 1 above *minus* the amount of price inflation on the date of sale as appears in Table 1; or

    b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

---

[2] On Friday, October 28, 2022, at approximately 9:55 a.m. EST, trading in Y-mAbs stock was halted until after market close that day. The next trading day was Monday, October 31, 2022.

iv. For each share of Y-mAbs stock purchased during the Settlement Class Period and still held as of the close of trading on January 26, 2022, the Recognized Loss is *the lesser of*:

a. the amount of price inflation on the date of purchase as appears in Table 1 above; or

b. the purchase price *minus* the average closing price for Y-mAbs stock during the 90-Day Lookback Period, which is $4.43.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 10/31/2022 | $3.61 | 11/29/2022 | $3.97 | 12/28/2022 | $4.30 |
| 11/1/2022 | $3.48 | 11/30/2022 | $4.00 | 12/29/2022 | $4.31 |
| 11/2/2022 | $3.41 | 12/1/2022 | $4.02 | 12/30/2022 | $4.32 |
| 11/3/2022 | $3.31 | 12/2/2022 | $4.03 | 1/3/2023 | $4.34 |
| 11/4/2022 | $3.32 | 12/5/2022 | $4.04 | 1/4/2023 | $4.35 |
| 11/7/2022 | $3.33 | 12/6/2022 | $4.05 | 1/5/2023 | $4.36 |
| 11/8/2022 | $3.41 | 12/7/2022 | $4.08 | 1/6/2023 | $4.37 |
| 11/9/2022 | $3.49 | 12/8/2022 | $4.09 | 1/9/2023 | $4.38 |
| 11/10/2022 | $3.61 | 12/9/2022 | $4.10 | 1/10/2023 | $4.38 |
| 11/11/2022 | $3.71 | 12/12/2022 | $4.13 | 1/11/2023 | $4.38 |
| 11/14/2022 | $3.81 | 12/13/2022 | $4.15 | 1/12/2023 | $4.39 |
| 11/15/2022 | $3.86 | 12/14/2022 | $4.18 | 1/13/2023 | $4.40 |
| 11/16/2022 | $3.87 | 12/15/2022 | $4.21 | 1/17/2023 | $4.41 |
| 11/17/2022 | $3.87 | 12/16/2022 | $4.24 | 1/18/2023 | $4.41 |
| 11/18/2022 | $3.89 | 12/19/2022 | $4.25 | 1/19/2023 | $4.41 |
| 11/21/2022 | $3.89 | 12/20/2022 | $4.27 | 1/20/2023 | $4.42 |
| 11/22/2022 | $3.91 | 12/21/2022 | $4.28 | 1/23/2023 | $4.42 |
| 11/23/2022 | $3.93 | 12/22/2022 | $4.29 | 1/24/2023 | $4.42 |
| 11/25/2022 | $3.94 | 12/23/2022 | $4.30 | 1/25/2023 | $4.43 |
| 11/28/2022 | $3.96 | 12/27/2022 | $4.30 | 1/26/2023 | $4.43 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, which is determined based on the number of Proof of Claim and Release Forms submitted and accepted as valid, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Y-mAbs stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

If a Settlement Class Member acquired Y-mAbs stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Y-mAbs shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for such shares shall be deemed to be zero ($0.00).

12

Notwithstanding any of the above, receipt of Y-mAbs stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Y-mAbs stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Y-mAbs stock held as of the close of trading on October 5, 2020 (the last day before the Settlement Class Period begins) and then against the purchase of Y-mAbs stock during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has a short position in Y-mAbs stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

With respect to Y-mAbs stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Y-mAbs stock on the date of exercise.  Any Recognized Loss arising from purchases of Y-mAbs stock acquired during the Settlement Class Period through the exercise of a publicly traded option on Y-mAbs stock[3] shall be computed as provided for other purchases of Y-mAbs stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form, with appropriate supporting documentation, will not share in the Settlement proceeds.  The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the

---

[3] The "exercise of an option" as used in this sentence includes: (1) purchases of Y-mAbs stock as the result of the exercise of a call option, and (2) purchases of Y-mAbs stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Y-mAbs stock during the Settlement Class Period (CUSIP: 984241109) (NASDAQ: YMAB) for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address and email address (where available) of each person or organization for whom or which you purchased such common shares during such time period or (b) request additional copies of the Postcard Notice, or this Notice and the Proof of Claim Form, or the link to the electronic Notice and Proof of Claim Form, which will be provided to you free of charge, and within ten (10) days of receipt mail or email them directly to the beneficial owners of the common stock referred to herein.  If you choose to follow alternative procedure (b), upon such mailing or emailing, you must send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed and retain the names and addresses of the addressees for any future mailings to Settlement Class Members.  The Claims Administrator shall, if requested and if appropriate supporting documentation is provided, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners/purchasers, up to $0.05 per Postcard Notice mailed and up to $0.10 per Long-Form Notice and Proof of Claim Form mailed and up to $0.03 per link to the electronic Long-Form Notice and Proof of Claim Form emailed; or $0.05 per name, mailing address, and email address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Y-mAbs Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
Email: info@strategicclaims.net


Dated: July 1, 2024                    BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE Y-mAbs THERAPEUTICS, INC. SECU-RITIES LITIGATION | Civil Action No.: 1:23-cv-00431-AS |

## PROOF OF CLAIM AND RELEASE FORM

### A. GENERAL INSTRUCTIONS & INFORMATION

1.    You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice").

2.    To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

**3.    Your completed and signed Proof of Claim must be received on or before October 7, 2024, addressed to the Claims Administrator at:**

*Y-mAbs Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
Email: info@strategicclaims.net

4.    If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

5.    If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

**6.    For help completing this Proof of Claim, please contact the Claims Administrator.**

### B. INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the Notice posted on the Claims Administrator's website, www.strategicclaims.net/Y-mAbs/. Please refer to the Plan of Allocation set forth in the Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.    To be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased, or otherwise acquired, the stock of Y-mAbs (NASDAQ: YMAB) between October 6, 2020 and October 28, 2022, both dates inclusive (the "Settlement Class Period").[4]

---

[4] Please note:  Purchases/acquisitions of Y-mAbs stock after the Settlement Class Period are not eligible for a recovery from the Settlement.  However, because the law provides for a "90-Day Lookback Period" (described in

15

2.   The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery.  All claims are subject to verification and investigation.  You may be requested to provide further information.

3.   All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Y-mAbs stock.  (Brokerage firms, banks and other nominees are requested to transmit copies of the Notice and this Proof of Claim to their present or former customers who were such beneficial owners).  If the Y-mAbs stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.   Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.,* powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.   You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account, etc.  Joint tenants, co-owners, or custodians UGMA should file a single claim.  Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.   The date of purchase and/or sale of shares of Y-mAbs stock is the "trade" date and not the "settlement" date.

7.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

8.   Exercise of publicly traded Y-mAbs option contracts will be considered to be purchases or sales of Y-mAbs stock on the exercise date.

9.   The date of covering a "short sale" is deemed to be the date of purchase of Y-mAbs stock; and the date of a "share sale" is deemed to be the date of sale of Y-mAbs stock.  Stock originally sold short will have a Recognized Loss of zero.

10.  No cash payment will be made on a claim where the potential distribution is less than ten dollars ($10.00).

11.  You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Y-mAbs stock for your claim to be valid.  If such documents are not available, a complete list of acceptable supporting documentation can be found on the Claims Administrator's website: www.strategicclaims.net/Y-mAbs/.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

12.  If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file. For a copy of instructions and the parameters concerning an electronic submission, contact the Claims Administrator by phone: 866-274-4004; via email: info@strategicclaims.net; or via the website: www.strategicclaims.net/Y-mAbs/.

13.  If you have questions or need additional Proofs of Claim, contact the Claims Administrator via the information in the preceding paragraph.  You may make photocopies of this form.

---

the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of Y-mAbs stock during the period from October 6, 2020 to January 23, 2023, inclusive, in order for the Claims Administrator to calculate your Recognized Loss under the Plan of Allocation and process your claim.

16

Y-MABS

*In re Y-mAbs Therapeutics, Inc. Securities Litigation*

**PROOF OF CLAIM**

*The Claims Administrator must receive this form no later than October 7, 2024.*

**C. CLAIMANT IDENTIFICATION** *(Please Type or Print)*

Beneficial Owner's Name *(as it appears on your brokerage statement)*

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

Record Owner's Name and Address *(if different from beneficial owner listed above)*

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

Foreign Province / Country

| | | |
|---|---|---|
| Area Code    Telephone Number | (Day) | Area Code    Telephone Number | (Evening) |

| | |
|---|---|
| Facsimile Number | Social Security or Taxpayer Identification Number |

E-Mail Address

Specify <u>one</u> of the following:

□ Individual(s)        □ Corporation        □ UGMA Custodian        □ IRA

□ Partnership        □ Estate        □ Trust        □ Other: _____

_____

17

Y-MABS

## D. SCHEDULE OF TRANSACTIONS IN Y-MABS STOCK

_____     _____
Name                                        Social Security or Taxpayer Identification Number

1.   State the total number of Y-mAbs shares owned at the close of trading on October 5, 2020, long or short *(if none, enter "0"; if other than zero, must be documented)*: _____

2.   Separately list each and every **purchase** of Y-mAbs stock during the period October 6, 2020 **through** January 26, 2023, inclusive, and provide the following information *(must be documented)*:

| Purchase Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

3.   Separately list each and every **sale** of Y-mAbs stock during the period October 6, 2020 **through** January 26, 2023, inclusive, and provide the following information *(must be documented)*:

| Sale Date *(list chronologically)* Month/Day/Year | Number of Shares Sold | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

4.   State the total number of Y-mAbs shares owned at the close of trading on January 26, 2023 long or short *(if none, enter "0"; if other than zero, must be documented)*: _____

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION OR THE W-8 CERTIFICATION BELOW**

18

Y-MABS

## E.  SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim Form and Release, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation").  I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## F.  RELEASE

1.     By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Settlement Fund, as of the effective date thereof, the undersigned claimant ("Claimant") on behalf of himself/herself/itself, his/her/its successors, heirs, executors, administrators, and assigns, hereby releases and forever discharges (a) Defendant Y-mAbs, (b) Defendant Thomas Gad, (c) Defendant Claus Juan Møller San Pedro, (d) all other current and former officers and directors of Y-mAbs, including former Defendant Vignesh Rajah (e) all other employees of Y-mAbs, and (f) any persons or entities listed on the Settlement Exclusion List, as defined in the Stipulation (altogether the "Released Parties"), from any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether contingent or absolute, whether suspected or unsuspected, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any court, proceeding, tribunal or other forum that arise out of or are based on the allegations, transactions, facts, matters, occurrences, representations, or omissions in any of Plaintiffs' pleadings in the Action and that relate to the purchase or acquisition of shares of Y-mAbs stock on the Nasdaq Global Select Market (NASDAQ: YMAB) during the Settlement Class Period (the "Released Settlement Class Claims").  The Released Settlement Class Claims exclude claims relating to the enforcement of the Settlement.

2.     Conversely, Defendants and the other Released Parties, on behalf of themselves, their successors, heirs, executors, administrators, and assigns, hereby fully, finally, and forever release, relinquish, and discharge any and all claims or causes of action of every nature and description, whether known or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Released Parties, including without limitation any claims under Fed. R. Civ. P. 11, except for claims relating to the enforcement of the Settlement (the "Released Defendant Claims").

3.     For purposes of these release provisions, "Unknown Claims" means and includes (i) any and all Released Settlement Class Claims that Lead Plaintiff or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement; and (ii) any and all Released Defendant Claims that any Defendant or other Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."   The Parties

19

acknowledge, and Settlement Class Members and the other Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Settlement Class Claims and Released Defendant Claims was separately bargained for and was a key element of the Settlement.

## G. REPRESENTATIONS

I/We acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Action, a member of the immediate family of any of the Defendants, or anyone excluded from the Settlement Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Settlement Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release Form.

## H. CERTIFICATION

I/We certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased the Y-mAbs stock listed in the above Schedule during the period between October 6, 2020 and October 28, 2022, both dates inclusive.**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this

_____ day of _____, 202___   in:

_____

(City)                                    (State/Country)

_____          _____
Signature of Claimant                        Signature of Joint Claimant, if any

_____          _____
(Print your name here)                       (Print your name here)

_____
Signature of Person signing on behalf of Claimant

_____
(Print your name here)

_____
Capacity of person signing on behalf of Claimant, if other than an individual, (Executor, President, Custodian, etc.)

Y-MABS

**SUBSTITUTE FORM W-8:** IF YOU ARE NOT A RESIDENT OR CITIZEN OF THE UNITED STATES, COMPLETE THE FOLLOWING:

Permanent residence (principal office if a corporation)

If your claim is connected with a trade or business conducted in the U.S., please provide the name and address of your U.S. business, the type of business, and the Federal Tax Identification Number of the U.S. business.

_____
Name of U.S. Business

_____
Address of U.S. Business

_____     _____
Type of Business                                              Tax Identification Number

   **W-8 Certification:** Under the penalties of perjury, I certify that the information provided above is true, correct and complete.

   Signature(s) _____     Date: _____

                   _____     Date: _____

_____

**THIS SPACE INTENTIONALLY LEFT BLANK**

21

Y-MABS

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above Release and Certification (or W-8 Certification).

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website at www.strategicclaims.net/Y-mAbs/.

3. Do not send originals of stock certificates.

4. Keep copies of the completed claim form and documentation for your own records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

If you have questions or concerns regarding your claim, please contact the Claims Administrator at:

*Y-mAbs Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
Email: info@strategicclaims.net

**THIS PAGE INTENTIONALLY LEFT BLANK**

Y-mAbs Therapeutics, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT B**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA  19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

July 22, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED, THE STOCK OF Y-MABS THERAPEUTICS, INC. ("Y-MABS") BETWEEN OCTOBER 6, 2020 AND OCTOBER 28, 2022, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are Defendants; members of their immediate families and their affiliates; any entity in which any Defendant had a controlling interest during the Settlement Class Period; any person who served as an officer or director of Y-mAbs during the Settlement Class Period, the judges presiding over the Action and the immediate family members of such judges; any persons or entities listed on the Settlement Exclusion List (as defined in the Stipulation of Settlement, dated June 26, 2024); and the successors; heirs, and assigns of any excluded person.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Y-mAbs Therapeutics, Inc. Securities Litigation*<br>Civil Action No.: 1:23-cv-00431-AS<br>Claim Filing Deadline: October 7, 2024<br>Exclusion Deadline: October 7, 2024<br>Objection Deadline: October 7, 2024<br>Settlement Fairness Hearing: October 28, 2024 | Cusip Number: 984241109<br>Ticker Symbol: YMAB |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Long-Form Notice") and the Proof of Claim and Release Form ("Proof of Claim") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice, you have ten (10) calendar days to mail them; or
4. Request a link to the Long-Form Notice and Proof of Claim and email a copy to each of your beneficial purchasers/owners within ten (10) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.03 per link emailed,** OR
- **$0.05 per name, address and email address** if you are providing us the records, OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.
- **$0.10 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Long-Form Notice and Proof of Claim Form and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Long-Form Notice and Proof of Claim and other important case-related documents are available on our website at www.strategicclaims.net/Y-mAbs. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
Y-mAbs Therapeutics, Inc. Securities Litigation

Y-mAbs Therapeutics, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

Case No. 1:23-cv-00431 (S.D.N.Y.)
Case Pending in U.S. District Court for Southern District of
N.Y.

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Y-mAbs Therapeutics, Inc. Securities Litigation*, Case No. 1:23-cv-00431 (S.D.N.Y.)

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*VISIT WWW.STRATEGICCLAIMS.NET/Y-MABS/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The U.S. District Court for the Southern District of New York (the "Court") has preliminarily approved a proposed Settlement of claims against Y-mAbs Therapeutics, Inc. ("Y-mAbs"), Thomas Gad ("Gad") and Claus Juan Møller San Pedro ("Møller") (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Defendants made false and/or misleading misstatements and/or omissions concerning Y-mAbs's business operations. Defendants deny the allegations.

You received this notice because you may have purchased or acquired Y-mAbs securities between October 6, 2020, and October 28, 2022, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for dismissal and release of claims against Defendants, a fund consisting of $19,650,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim Forms. The average recovery per share could be $0.95 before deduction of any fees and expenses. The actual amount disbursed to Settlement Class Members who participate in the Settlement may be more or less than this figure. Plaintiff and Defendants disagree as to the amount per share that would be recoverable if Plaintiff prevailed on each claim. Plaintiff believes that the proposed Settlement is fair, reasonable and in the best interests of the Settlement Class considering the strengths and weaknesses of the claims, the uncertainties of complex litigation, and the concrete benefits provided by the Settlement. Defendants have agreed to settle to avoid the continuing burden and expense of this Action. For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and Proof of Claim Form by visiting the website: www.Y-mAbsSecuritiesSettlement.com (the "Website"). You may request copies of the Notice and Proof of Claim Form by: (1) mail: Y-mAbs Therapeutics, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; or (3) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim Form, which can be found on the Website. PROOF OF CLAIM FORMS ARE DUE BY OCTOBER 7, 2024 and should be mailed to the address above or submitted electronically through the Website. If you do not want to be legally bound by the Settlement, you must exclude yourself by October 7, 2024. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by October 7, 2024. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on October 28, 2024 at 11:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St,. New York, NY 10007, Courtroom 15A, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for no more than one-third of the Settlement Fund for their attorneys' fees, plus up to $200,000 in expenses, and an award to Plaintiff of no more than $10,000, for litigating the case and negotiating the Settlement, which amounts to approximately $0.32 per affected share. Lead Counsel is Michael J. Wernke, of Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

**EXHIBIT D**

## sevans@strategicclaims.net

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, July 22, 2024 8:01 AM |
| **To:** | sevans@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; sevans@strategicclaims.net |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Pomerantz LLP |



# Release Distribution Confirmation

**Pomerantz LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Stock of Y-mAbs Therapeutics, Inc. - YMAB**

*Cross time: **07/22/24 08:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us