**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE Y-mAbs THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No.: 1:23-cv-00431-AS |

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On the 28th day of October, 2024, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation of Settlement dated June 26, 2024 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiff and the Settlement Class against Y-mAbs Therapeutics, Inc., Thomas Gad and Claus Juan Møller San Pedro (collectively, the "Defendants") as a settlement of this litigation (the "Settlement"); (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; (3) whether to approve Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund; and (4) whether to approve Lead Plaintiff's application for a compensatory award to be paid from the Settlement Fund.

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing that the Stipulation, all forms of the Notice, and the Proof of Claim were posted on the Claims Administrator's website;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2.    The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and the Defendants.

3.    In the Preliminary Approval Order the Court certified, for purposes of the Settlement only, the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Settlement Class consisting of all persons who purchased, or otherwise acquired, the stock of Y-mAbs between October 6, 2020, and October 28, 2022, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; members of their immediate families and their affiliates; any entity in which any Defendant had a controlling interest during the Settlement Class Period; any person who served as an officer or director of Y-mAbs during the Settlement Class Period; the judges presiding over the Action and the immediate family members of such judges; any persons or entities listed on the Settlement Exclusion List (as defined in the Stipulation); and the successors, heirs, and assigns of any excluded person. Per the terms of the Stipulation, Defendants shall assist in identifying the persons and entities to be excluded from the Settlement Class. Also excluded are those persons or entities who filed valid and timely requests

for exclusion in accordance with the Preliminary Approval Order.  If any persons or entities have filed such valid and timely requests for exclusion, they are set forth in Exhibit A hereto; if no person or entity has filed such a valid and timely request for exclusion, there is no Exhibit A hereto.

4.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment, except those persons (if any) listed on Exhibit A to this Order and Final Judgment.

5.      The Settlement, whereby Defendants caused to be paid per the terms of the Stipulation an aggregate gross payment amount of nineteen million six hundred fifty thousand dollars ($19,650,000.00), is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class.  The Court finds that there was no collusion in connection with the Stipulation; the Stipulation was the product of informed, arm's length negotiations among

competent, able counsel representing the Parties' interests; and the record is sufficiently developed and complete to have enabled the Lead Plaintiff, Lead Counsel, Defendants, and their counsel to have adequately evaluated and considered their positions before deciding to settle. Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.    Except with respect to any persons who have validly and timely requested exclusion from the Settlement Class (as listed on any Exhibit A hereto), this Action is dismissed with prejudice as to the Defendants.

7.    Lead Plaintiff and all Settlement Class Members (regardless of whether they submitted a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their successors, heirs, executors, administrators, and assigns, hereby release, waive, and forever discharge all of the Released Settlement Class Claims against Defendants and other Released Parties. Lead Plaintiff and the Settlement Class Members hereby are permanently and forever enjoined from prosecuting the Released Settlement Class Claims, as set forth in the Stipulation. For purposes of this Order and Final Judgment:

  a.  "Released Settlement Class Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether contingent or absolute, whether suspected or unsuspected, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in

the Action; or (ii) could have asserted in any court or forum that arise out of or are based on the allegations, transactions, facts, matters, occurrences, representations, or omissions in any of Plaintiffs' pleadings in the Action and that relate to the purchase or acquisition of shares of Y-mAbs common stock during the Settlement Class Period.  "Released Settlement Class Claims" shall exclude claims relating to the enforcement of the Settlement.

b.  "Released Parties" means, for the Released Settlement Class Claims, (a) Defendants Y-mAbs, Gad, Møller, Rajah (b) their respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries, and (c) any persons or entitles listed on the Settlement Exclusion List (as defined in the Settlement Agreement).

8.  Defendants and other Released Parties, on behalf of themselves, their successors, heirs, executors, administrators, and assigns, hereby fully, finally, and forever release, relinquish, and discharge each and every one of the Released Defendant Claims against Lead Plaintiff, any Settlement Class Member, and any of their counsel including Lead Counsel.  Defendants and other

5

Released Parties are hereby permanently and forever enjoined from prosecuting the Released Defendant Claims, as set forth in the Stipulation. For purposes of this Order and Final Judgment:

    a. "Released Defendant Claims" means any and all claims or causes of action of every nature and description, whether known or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, including without limitation any claims under Fed. R. Civ. P. 11, except for claims relating to the enforcement of the Settlement.

    b. "Released Parties" means, for the Released Defendant Claims, Lead Plaintiff, Lead Counsel, and the Settlement Class members.

9. **Bar Order**: All Persons are barred from commencing, prosecuting, or asserting any Barred Claims (as defined below). All Barred Claims are hereby extinguished, discharged, satisfied, and unenforceable. If any term of this Bar Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all Released Parties the fullest protection permitted by law from any Barred Claim. For purposes of this Order and Final Judgment:

    a. "Barred Claim" means any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against the Defendants or other Released Parties

(including claims asserted by Released Parties against other Released Parties) where the claim is or arises from a Released Claim and the alleged injury to such Person arises from that Person's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which a Person seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member.

10.    Notwithstanding the foregoing, nothing in this Order and Final Judgment:

a.    Will bar the Released Parties from pursuing claims that are outside the scope of or independent of the Released Claims, including but not limited to any claim that any Released Party may have for indemnification related to costs and expenses incurred in conjunction with the Action;

b.    Will bar or constitute a release of any claim by any of the Released Parties for insurance or reinsurance coverage arising out of, related to, or in connection with this Action or the Released Claims; or

c.    Shall prevent Lead Plaintiff or any Settlement Class Member from pursuing any claim against Defendants or other Released Parties that are excluded from the Released Settlement Class Claims as set forth above.

d.    Shall prevent any Person listed on any Exhibit A hereto from pursuing any claim against any Released Party; if any such Person pursues any such claim against any Released Party, nothing in this Order and Final Judgment or in the

Stipulation shall operate to preclude such Released Party from (i) asserting any claim of any kind against such Person, including any Released Claim or (ii) seeking contribution or indemnity from any Person, including any other Released Party, in respect of the claim made by a Person listed on Exhibit A.

11.     Lead Plaintiff's counsel are awarded attorneys' fees in the amount of $_____6,543,350.00_____, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), and expenses in the amount of $_____55,464.66_____, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), such amounts to be paid from the Settlement Fund upon entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among Wolf Popper LLP and Glancy Prongay & Murray LLP in the manner in which ~~Lead Counsel in good faith believe reflects the contributions of such counsel~~ Lead Counsel described in its October 28, 2024 letter to the Court at Dkt. 68. ~~to the initiation, prosecution, and resolution of the Actions.~~  In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

12.     Lead Plaintiff is awarded the sum of $_____5,000.00_____, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

13.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

14.    The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

15.    Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be deemed to be, or be, argued to be offered or received:

    a.    Against any of the Defendants or other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants or other Released Parties with respect to the truth of any fact alleged by the Lead Plaintiff in this Action or the validity of any claim that has been or could have been asserted against any of the Defendants or the Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing or liability by any of the Defendants or other Released Parties;

    b.    Against any of the Defendants, the Lead Plaintiff, any Settlement Class Member, or the other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them with respect to any liability, negligence, fault, or wrongdoing as against any of them in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Lead Plaintiff, any Settlement Class Member, and the other

Released Parties may refer to it to effectuate the liability protection granted them hereunder;

c.  Against any of the Defendants or other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

d.  Against the Lead Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

e.  Against the Lead Plaintiff or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiff in the Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any non-compliance with Fed. R. Civ. P. or any similar rule or ethical obligation.

16.  Notwithstanding the foregoing Paragraph 15, the Parties and other Released Parties may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Proof of Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or

any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

17.     Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

20.     The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the Attorneys' Fees and Expenses awarded herein, the compensatory award to Lead Plaintiff, or the Plan of Allocation.

21.     In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in ¶¶2.3, 2.4, 2.5, 3.6, 3.9, 3.11, 3.12, 3.13, 3.14, 3.15, 8.2, 9.2, 9.3, 9.4, 10.1, 10.4, 10.5, 10.13, 10.14, 10.16, and 10.18 therein, including any amendment(s) thereto, the Preliminary Approval Order, as set forth in ¶26 thereof, and this Order and Final Judgment, except for ¶¶14, and 20-22 shall be rendered null and void of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU,

and all Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, all Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

22.     In the event the Settlement and Judgment do not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Account and Settlement Fund, including interest earned, shall be returned to Defendants or any other person or entity who or which paid any portion of the Settlement Fund, *pro rata* as had been paid by them respectively, per their instructions, except for any monies paid or any then-accrued costs yet-to-be-paid for Notice & Administration Costs, Taxes, and Tax Expenses.  Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments.  Lead Plaintiff and the Settlement Class shall have no responsibility for the return of such consideration.

23.     If, instead, the Settlement and Judgment become Final, once they become Final, there shall be no reversion whatsoever of any monies held in the Notice & Administration Account or Settlement Account to any of the Defendants or any other person or entity who or which paid any portion of the Settlement Amount.

24.     Any Court orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Local Rule 23.1 requires that in class action cases, the notice "must include a statement of the names and addresses of the applicants for the fees and the amounts requested respectively and must disclose any fee sharing agreements with anyone." Here, the notice sent out to class members mentioned the names of the other law firms with whom fees would be shared (Glancy Prongay & Murray LLP and Wolf Popper LLP) and indicated that Lead Counsel would be requesting a total amount "not greater than one-third . . . of the Settlement Fund." Dkt. 64-1. While the notice did not comply with all of Local Rule 23.1's requirements, the disclosures that were made satisfy the Court that no remedial action is needed. However, counsel are reminded to familiarize themselves with and adhere closely to Local Rule 23.1 in all future proceedings.

The Clerk of Court is respectfully directed to close the case.

Dated: ____October 29____, 2024

_____
THE HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE