**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE Y-mAbs THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No.: 1:23-cv-00431-AS |

**[PROPOSED] ORDER GRANTING MOTION FOR DISTRIBUTION**
**OF CLASS ACTION SETTLEMENT FUND**

Having considered all materials and arguments submitted in support of Motion for Distribution of Class Action Settlement Fund (the "Motion"), including the Memorandum of Law in Support of the Motion, and the Declaration of Sarah Evans Concerning the Results of the Claims Administration Process dated May 20, 2025 (the "Evans Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. As set forth in in the Evans Declaration, the administrative determinations of the Strategic Claims Services (the "Claims Administrator"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Evans Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Evans Declaration are approved.

3. Any person asserting claims filed after December 12, 2024, and any responses to deficiency and/or rejection notices received after April 25, 2025, are finally and forever barred from asserting such claims.

4. The funds that are currently in the Net Settlement Fund[1] shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Evans Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5. The distribution plan for the Net Settlement Fund as set forth in the Evans Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Evans Declaration will irrevocably forfeit all recovery from the Settlement.

6. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund at least six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator as may be approved by the Court; and (iii) finally, to make a second distribution to

---

[1] All capitalized terms that are not otherwise defined herein have the seams meanings as set forth in the Stipulation of Settlement (the "Stipulation")

claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

7. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8. The Claims Administrator is authorized to discard paper or hard copies of claims and all supporting document no less than one year after the distribution of the Net Settlement Fund. The Claims Administrator is also authorized to destroy the electronic copies of the claims and all supporting documentation no less than one year after all funds have been distributed.

9. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 72.

Dated: ___June 24___, 2025

_____
THE HONORABLE ARUN SUBRAMANIAN